COMMONWEALTH *vs.* WARREN S. DAHLSTROM.

Middlesex.    October 1, 1962. — November 8, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
& SPIEGEL, JJ.

*Breaking and Entering. Evidence,* Admissions and confessions, Joint
undertaking. *Practice, Criminal,* Exceptions: whether error harmful.
*Error,* Whether error harmful.

A conviction of attempting to break and enter a store with intent to commit larceny was warranted by evidence that the defendant and his brother, at an early hour of the morning, went in an automobile to a place near the store where the automobile was parked, and that thereupon police officers discovered the brother crouched in the doorway of the store and found a tire wrench there and saw the defendant seated behind the wheel of the parked automobile.    [131–132]

In a criminal case involving a charge of attempting to break and enter with intent to commit larceny, there was reversible error where, although the judge during the trial instructed the jury that statements incriminating the defendant made six days after the alleged crime by one who had been a companion of the defendant at the scene and time thereof were inadmissible against the defendant, the judge subsequently told the jury in the charge that the statements were competent against the

defendant if they found that he and his companion had been engaged in a joint undertaking, and there was no evidence that any joint undertaking had continued in effect until the time of the making of the statements.  [132–134]

INDICTMENT found and returned on September 11, 1961. The case was tried in the Superior Court before *Smith,* J.

*Ronald J. Chisholm* for the defendant.

*Aaron K. Bikofsky,* Assistant District Attorney (*Roger E. Gordon,* Assistant District Attorney, with him), for the Commonwealth.

SPIEGEL, J.  This is an appeal under the provisions of G. L. c. 278, §§ 33A–33G, as amended through St. 1955, c. 352, § 1, from a conviction of attempting to break and enter a building with intent to commit larceny.  The case is here on a summary of the record, a transcript of the evidence, and two assignments of error.  A companion case against Victor Dahlstrom, a brother of the defendant, was tried together with this one.

The first assignment of error is the denial of the defendant's motion for a directed verdict.  There was evidence that the defendant and his brother, Victor, were together on the evening of June 23, 1961, and the early morning of June 24, 1961.  They had visited various drinking establishments in Cambridge, Saugus, and Malden.  The defendant was driving a car.  At about 2 A.M. he drove down Salem Place, Malden, where the brothers had formerly lived, turned the car around so it headed the other way, and then parked "alongside" a variety store.

Two police officers, on cruiser duty at the time, came into the vicinity of the store and noticed Victor in a crouched position in front of a bread box used for the delivery of bread before the store is opened and located in the doorway.  One officer went down Salem Place as far as he could but there was an automobile obstructing the way.  He got out of the car and "went after" Victor who had arisen from his crouched position and was walking quickly down the street, away from the car and the store.  The other officer "checked" the parked car that had obstructed the

way and saw the defendant "behind the wheel of the car." The officers found a tire wrench under the bread box.

Six days later, while Victor was operating a motor vehicle, one of the same two officers stopped and questioned him. Victor made certain oral statements in which he admitted his guilt of the crime charged. These statements, later reduced to writing and signed by him, implicated the defendant.

In *Commonwealth* v. *Conroy*, 333 Mass. 751, 754, a case involving breaking and entering, it was held that "[t]he presence of the defendant at an early morning hour looking in a window of the restaurant while someone was moving about engaged, as it could have been found, in rolling the safe to a back room out of sight from the street, compellingly called for reasonable explanation." Similarly, on the evidence here, a jury could have found that an attempt to break and enter the building had been made, "that the defendant by prearrangement was stationed in a position where he might render . . . [his brother, Victor] aid and encouragement, as a lookout to give warning, or as a decoy to beguile the police and others from possible suspicions, or as an ally in making escape or in meeting any eventuality." *Commonwealth* v. *Conroy, supra,* 755. A defendant so engaged is equally guilty with the perpetrator of the crime. *Commonwealth* v. *Lavery,* 255 Mass. 327, 333. *Commonwealth* v. *Conroy, supra,* 755. There was no error in the denial of the defendant's motion for a directed verdict.

The defendant's second assignment of error relates to the refusal of the judge to grant the defendant's request for an instruction. The incriminating oral and written statements made by Victor six days after the alleged crime were introduced at the trial against Victor and excluded in the case against Warren. However, the judge refused to grant the defendant's request for an instruction to the jury "that the statements which were limited to Victor Dahlstrom and statements which were excluded as to Warren Dahlstrom cannot be used in the case against Warren Dahlstrom." Instead, with reference to this phase of the case,

in his charge to the jury the judge stated: "You will note as the trial progressed that the statement of one of them — Victor, I guess it was, but you will remember it — Victor gave a statement to the police. You will recall that at the time I restricted its admission as against Victor only. The law is that the statement made by one person against another who is not present is hearsay as to that other and is not admissible in some circumstances. However, if you are satisfied upon all the evidence that these two men were engaged in a common design or a common enterprise, the declarations of one of them with relation to the joint undertaking affects them both. This is a rule that is not confined to cases where a conspiracy is charged, but it is applicable wherever a combination to effect a particular object is established. It rests on the principle that each is the agent for the other in all matters relating to the common object, and the acts or declarations of one in furtherance of such object are admissible to effect the principal as well as the agent. Now were these men engaged in a common or joint enterprise? . . . It is for you to say on all the evidence. These men are indicted separately and being charged separately with the offenses. Unless each was guilty independently of the offense, unless each was guilty independently of any evidence which was admitted against the other, such defendant should be acquitted; but if these defendants were so associated in a common enterprise and in a common purpose, then the act of one would be the act of all. But if they were not coöperating, each defendant could be convicted only by evidence which showed his own guilt independently of the evidence used to convict the other. To put it another way, if these men were working together in a common enterprise for a common purpose, what one said or did binds the other; but if they were not coöperating, if each was operating independently of the other, what one said would not bind the other. It is for you to say. . . . You have a right to draw inferences whether or not they were engaged in a common enterprise."

The judge then charged the jury on another phase of this case and returning to the point at issue stated: "Now

again I invite your attention to this language.  A common design or enterprise between the defendants being first proved, it then is clearly competent to admit declarations of one of them with relation to the joint undertaking to effect both.  It rests on the principle that each is the agent for the other in all matters relating to the object, and the acts or declarations of one in furtherance of the design are admissible to effect both.  Now it is for you to say, ladies and gentlemen, on all of the evidence.''

There is an important qualification of the rule stated by the judge.  It is that the acts and declarations of one engaged in the joint undertaking are competent against the others engaged therein only if they are shown to have occurred during the pendency of the joint undertaking and in furtherance of its object.  *Commonwealth* v. *Shea,* 323 Mass. 406, 414 (a conspiracy case).

There is no basis in the evidence for concluding that a joint undertaking to break and enter and commit larceny was in effect six days after the date of the crime when the statements were made.  These statements, therefore, should have been entirely excluded from the case against the defendant.  See *Commonwealth* v. *Tivnon,* 8 Gray, 375, 381; *Commonwealth* v. *Robinson,* 146 Mass. 571, 577.

The Commonwealth takes no benefit from the instruction in the course of the trial that the statements were inadmissible against the defendant.  The inevitable confusion of the jury would have been ground for reversal; but beyond that the mid-trial instruction was overruled by the instruction in the charge.

*Judgment reversed.*
*Verdict set aside.*
*Case remanded to the Superior*
*Court.*