COMMONWEALTH *vs.* ROBERT HEARD. November 1, 1971. The defendant appeals in cases heard under G. L. c. 278, §§ 33A–33G, from convictions of assault and battery on a police officer, of unlawfully carrying a dangerous weapon when arrested for breach of peace, and of being an idle and disorderly person. A jury could have found that the defendant, six feet, seven inches tall, and weighing 371 pounds, on September 25, 1969, was making insulting and obscene remarks to people waiting for an M. B. T. A. train at Dudley Street station, Roxbury, and that when asked to leave the station by members of the transit police force engaged in a scuffle with them, during which one of the policemen sustained a broken bone in the left hand. The jury also could have found that the defendant was carrying a knife when arrested by police. There is no error. References to the Black Panther Party which entered were at the behest of the defendant and not the prosecution, and in any event the judge's charge provided ample protection to the defendant. Furthermore, there was no error in the judge's refusal to ask the veniremen on voir dire, at the defendant's request, some forty-four questions, many of which were utterly pointless. The trial judge has broad discretion in this area. *Commonwealth* v. *Taylor,* 327 Mass. 641, 646–647. *Commonwealth* v. *Ricard,* 355 Mass. 509, 511. The jury's verdicts were not tainted because the prosecution in its argument referred to the defendant as a "bully." *Commonwealth* v. *Smith,* 342 Mass. 180, 188. We see no point in discussing other errors assigned by the defendant.

*Judgments affirmed.*

*Roger C. Park* for the defendant.
*William J. Doyle,* Assistant District Attorney (*Elizabeth C. Casey* with him) for the Commonwealth.