COMMONWEALTH *vs.* STANLEY F. WYGRZYWALSKI.

Nantucket. November 7, 1972. — January 10, 1973.

Present: TAURO, C.J., REARDON, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Breaking and Entering. Jury and Jurors. Practice, Criminal,* Examination of jurors.

Evidence that a defendant had at night broken into the lumber store in which he was arrested warranted a conviction of breaking and entering with intent to commit larceny, even though there was also evidence that the defendant was intoxicated and nothing was stolen. [792]

Challenges for cause of seven jurors whom a defendant claimed he knew were properly denied where the defendant did not request that the jurors be questioned further, and did not show how such acquaintances might prejudice his case or even that the jurors knew him. [792–793]

INDICTMENT found and returned in the Superior Court on May 3, 1971.

The case was tried before *Forte, J.*

*Robert V. Greco* for the defendant.

*W. James O'Neill,* Assistant District Attorney, for the Commonwealth, submitted a brief.

HENNESSEY, J.   This is a bill of exceptions arising out of an indictment charging the defendant with breaking and entering in the nighttime with intent to commit a felony, to wit: larceny.   The defendant was tried in the Superior Court before a jury, was found guilty as charged and sentenced to an indefinite term at the Massachusetts Correctional Institution at Concord.

The facts are as follows.   The defendant on April 30, 1971, allegedly broke and entered a store owned by the Marion Lumber Company, Inc. in Nantucket.   The store sold various hardware items and appliances.   There was evidence that at 9 P.M. on April 30, 1971, the front door was secure and the glass intact.   At 10 P.M. on that night, the Nantucket police responded to an alarm from the lumber company.   When they arrived, Officer Rezendes found the door closed, but the pane of glass above the lock was broken.   Inside, at the rear of the store, he found the defendant on the floor with a half empty, open bottle of scotch whiskey.   When the defendant saw Rezendes, he simply looked up and said, "Hi."

Outside the store, when questioned by Officer Starr, the defendant admitted that he broke the glass, walked in, and looked over the items on the display shelf.   He said he was a C. I. A. agent.

Rezendes testified that the defendant had been drinking, but "wasn't as bad as . . . [the police] normally see them, see him . . . not in his usual condition."   Starr testified that there was an "odor of alcohol" on the defendant, that his eyes were "glassy," and that with handcuffs on he was "unsteady on his feet."   His speech was plain, but he did not make sense.

When arrested, the defendant had only the scotch

whiskey (an item not sold at the store) and personal items in his possession. Nothing was missing from the store.

The defendant presented no evidence, and at the close of all the evidence moved for a directed verdict. The motion was denied, and the defendant duly excepted.

The defendant assigns as error the denial of his motion for directed verdict and the denial of his request that seven jurors be excused for cause on the ground that he was personally acquainted with them.

1. The defendant argues that there was insufficient evidence to warrant his conviction for breaking and entering with intent to commit larceny. He concedes that there was evidence to warrant a finding that he was guilty of breaking and entering, but argues that the Commonwealth failed to introduce evidence which would tend to establish the larcenous intent. There was no error.

It is clear that the Commonwealth was required to prove the specific intent with which the break was committed. But as we said in *Commonwealth* v. *Ronchetti*, 333 Mass. 78, at 81, "A finding of intent usually is based upon what reasonably is to be inferred from conduct. When a person, by the use of force, enters a dwelling house in the middle of the night it may ordinarily be presumed, in the absence of evidence to the contrary, that his intent is to steal." This same principle was applied with equal force in *Commonwealth* v. *Eppich*, 342 Mass. 487, 493, a case where, as here, the structure broken into was not a dwelling house, but a building or store.

The evidence presented by the Commonwealth warranted an inference that the defendant intended to commit larceny. He presented no evidence, but even if he had, the jury could well have believed only those facts favorable to the Commonwealth. Essentially, then, the defendant asks us to find the facts to be different from those found by the jury, and this we decline to do.

2. The defendant also argues that the judge erred

when he failed to excuse for cause seven challenged jurors.

Before the jury panel of twelve was sworn, the clerk instructed them in accordance with the provisions of G. L. c. 234, § 28,[1] and further instructed the panel as follows: "Now, if there is any reason why any one of you cannot sit on this jury, for any reason, let it be known."

Defence counsel then challenged seven of the jurors on the ground that the defendant was personally acquainted with them and requested that they be excused, without using his peremptory challenges.

The judge declined to excuse them for cause giving as a reason, inter alia, "If he knows all of the people of Nantucket, it would be impossible to be tried by any jury because he will say, 'Well, I know them, and therefore I cannot be tried by them.'" Since "[i]t is entirely within the judge's discretion under G. L. c. 234, § 28, and c. 278, § 3, whether to allow any questions other than those which the statutes require," *Commonwealth* v. *Stewart,* 359 Mass. 671, 677, facts which may serve as a basis for a challenge for cause, such as a relationship which may lead to bias, must be presented to the court when the challenge is made. If the judge does not allow the challenge for cause, an offer of proof is required to preserve the issue on appeal. No showing was made here as to how the defendant's acquaintance with jurors would prejudice his case, nor was there any request that further questions be addressed to the jurors. The defendant has not even alleged that the jurors knew him. There was no error in the judge's refusal to excuse the seven challenged jurors for cause.

*Exceptions overruled.*

---

[1] The clerk instructed them as follows: "If any of you are related to the defendant or are friends of any of the attorneys or have any interest in the case or have expressed or formed an opinion or are sensible of any bias or prejudice or are aware of any reason why you should not serve on the jury, please inform the court." All conditions except "friends of any of the attorneys" are provided for in § 28.