COMMONWEALTH *vs.* ARMAND J. LEBLANC. September 17, 1975. There was no error in denying the defendant's motions for directed verdicts on two indictments, one charging assault and battery with a dangerous weapon (No. 59654) and the other assault and battery on a police officer (No. 59655). From the evidence most favorable to the Commonwealth (the appeals are under G. L. c. 278, §§ 33A-33G) the jury could have found that a State police officer while on duty on Route 2 in Lancaster at about 7:00 P.M. — it was already dark — observed an automobile being driven erratically. The officer pursued the automobile for some distance in his cruiser; he put on the dome light, flashed the headlights, and turned on the siren. The automobile eventually pulled off the road and stopped; the defendant was driving. The officer approached the vehicle and stood at the door on the driver's side. He shone his flashlight into the car and heard a female voice scream for help. He saw a female passenger seated next to the defendant apparently trying to escape from the passenger's side. Thereupon the door on the driver's side swung open, knocking the officer down, and the defendant drove off. These circumstances were sufficient to permit the jury to infer that the defendant intentionally struck the officer with the door, and it was proper to deny the defendant's motion for a directed verdict on No. 59654, made on the ground that sufficient evidence of intent was lacking — also the only contention in this court in support of the motions. *Commonwealth* v. *Doherty,* 137 Mass. 245, 247 (1884). *Commonwealth* v. *Holiday,* 349 Mass. 126, 128 (1965). *Commonwealth* v. *Boyer,* 355 Mass. 762, 764 (1969). *Commonwealth* v.

*Wygrzywalski,* 362 Mass. 790, 792 (1973). After having been knocked down the officer returned to the cruiser and chased the defendant three or four miles. The officer shot and hit the tires of the defendant's automobile, and it finally came to a stop. The defendant refused to get out of the car, and after about ten minutes of trying to "talk him out of the vehicle" the officer took the defendant out of the car. As the officer was removing the defendant, he kicked the trooper and punched him repeatedly. It is clear that a second assault occurred at that time, and the motion for a directed verdict on No. 59655 was properly denied. *Commonwealth* v. *Heard,* 360 Mass. 855 (1971). Further, it was separate from the earlier assault; this is not a case of "only one assault." Cf. *Commonwealth v. White* (*No. 2*), 365 Mass. 307, 311 (1974), cert. den. 419 U. S. 1111 (1975). The defendant could therefore be sentenced on both indictments. See *Commonwealth* v. *Farrell,* 322 Mass. 606, 607-608, 614 (1948). See also *Commonwealth* v. *Iannello,* 344 Mass. 723, 727-728 (1962). We therefore need not discuss (nor did the defendant discuss) the relationship between the two crimes and their respective elements. Cf. *Kuklis* v. *Commonwealth,* 361 Mass. 302, 306 (1972).

*Judgments affirmed.*

*Conrad W. Fisher* for the defendant.
*James P. Donohue,* Assistant District Attorney, for the Commonwealth.

