COMMONWEALTH *vs.* FRANCIS J. REYNOLDS. July 11, 1980. The defendant appeals from a judgment of conviction on an indictment charging that he "did attempt to break and enter during the night time the building of . . ., doing business as Patrick's Pharmacy with intent to commit a felony and in said attempt did break a window in said building with intent thereby to gain entry to said building . . . ." See G. L. c. 274, § 6; G. L. c. 266, § 16. He argues that there was insufficient evidence to convict. We affirm the judgment. The jury could have found that at approximately 12:45 A.M., on August 19, 1976, an individual with dark brown hair, wearing a dark blue T-shirt and blue jeans, was observed by a foot patrolman in an alley behind a bar in Pittsfield, picking up a large rock with two hands and placing it in a light colored van. At approximately 1:00 A.M., another police officer in a cruiser approaching Adams Superama, a shopping complex, observed a green van with its lights off pull out of the parking area of the shopping center, proceed on a street bordering the parking area, and then reenter the parking area. Its lights were off throughout. The cruiser followed the van, stopped it in the parking lot and questioned the driver, the defendant. The police officer

also noticed that a plate glass window in Patrick's Pharmacy, which is in the shopping center, was broken. One of the panes of glass, about three by five feet, was shattered, and a large rock, introduced in evidence, was found in the store. The rock is rectangular and, we are told, weighs thirty and one-quarter pounds. The foot patrolman who appeared at the shopping center at this time testified that the driver of the van was wearing clothes of the same description as those worn by the person he had seen previously placing the rock in the van. The policeman in the cruiser also testified that fifteen minutes previously the window in Patrick's Pharmacy had been intact.

The defendant concedes that the evidence was sufficient for the jury to find that the defendant threw the rock through the window. He argues that there was no sufficient evidence of intent to enter the building or to commit a felony therein. We disagree. The jury could well have inferred that the defendant's maneuver with the van manifested an intent to enter through the window, broken for that purpose, once his reconnoitering indicated that any immediate danger from the shattering of the window pane had abated. And the break and intent to enter a store in the night-time permit an inference that the defendant intended to steal. *Commonwealth* v. *Eppich*, 342 Mass. 487, 492-493 (1961). *Commonwealth* v. *Dahlstrom*, 345 Mass. 130, 131-132 (1962). See *Commonwealth* v. *Ronchetti*, 333 Mass. 78, 81-82 (1933); *Commonwealth* v. *Lewis*, 346 Mass. 373, 377-378 (1963); *Commonwealth* v. *Wygrzywalski*, 362 Mass. 790, 792 (1973). See also *Cortellesso* v. *Commonwealth*, 354 Mass. 514, 515-516 (1968); *Commonwealth* v. *Jones*, 355 Mass. 170, 177 (1969).

*Judgment affirmed.*

*Michael D. Cutler* for the defendant.
*Francis X. Spina*, Assistant District Attorney, for the Commonwealth.