COMMONWEALTH vs. MICHAEL WELCH.

Plymouth. June 7, 1983. — June 29, 1983.

Present: GRANT, ARMSTRONG, & GREANEY, JJ.

*Assault and Battery. Practice, Criminal, Sentence.*

A defendant charged with assault and battery with a dangerous weapon, an automobile, on a theory of wanton or reckless conduct was entitled to a required finding of not guilty where there was no evidence of physical injury to the victim. [273-277]

Reversal of a conviction of assault and battery did not require that the defendant be resentenced on a contemporaneous conviction of unlawfully carrying a firearm, where it appeared that the judge's sentencing decision on the firearm charge was influenced by the defendant's prior criminal record, rather than by the invalid assault and battery conviction. [277-279]

INDICTMENTS found and returned in the Superior Court Department on January 13, 1982.

The cases were tried before *Lynch, J.*

*Brownlow M. Speer* for the defendant.

*Robert S. Sinsheimer*, Assistant District Attorney, for the Commonwealth.

GREANEY, J. The defendant was tried in the Superior Court before a jury and convicted on an indictment charging him with unlawfully carrying a firearm, G. L. c. 269, § 10(a), and on a single count of an indictment charging three counts of assault and battery by means of a dangerous weapon (a motor vehicle), G. L. c. 265, § 15A.[1] He was sentenced to a four to five year State prison term on the firearm charge and a concurrent term of three to five years on

---

[1] Convictions of driving to endanger and going away after a property damage accident were filed with the defendant's consent and are not before us. *Commonwealth* v. *Delgado*, 367 Mass. 432, 438 (1975).

the assault and battery conviction. He asserts that he is entitled to a required finding of not guilty on the charge of assault and battery, which the Commonwealth alleged was committed by means of wanton and reckless conduct, because there was no proof of physical injury to the victim. He also argues that, because the judge may have been influenced by the assault and battery conviction in his imposition of sentence on the firearm charge, there must be a resentencing on the latter conviction if the former is determined to have been unsound. We reverse the assault and battery conviction but determine that resentencing on the firearm charge is unnecessary.

The jury had before it evidence from which it could have found the following facts. On the evening of December 5, 1981, the defendant drove his car up to the drive-in window of a McDonald's restaurant in Rockland and placed an order with a McDonald's employee. From her vantage point in the window, the employee observed the butt end of a gun protruding from under the defendant's right leg on the seat of his automobile. From his mannerisms and speech, she concluded that the defendant was intoxicated. She directed him to a parking area, telling him his order would be brought to him. A coworker summoned the police by telephone. Two Rockland police cruisers arrived, bringing four officers to the scene. They were directed to the defendant's automobile, which was parked on the McDonald's lot, its motor running and headlights on. It had been snowing for some time, and the lot's unplowed surface was very slippery. Officer John DiRenzo approached the driver's window, which was rolled down. As he asked the defendant "what was going on," he observed the gun (a sawed-off .22 caliber rifle) on the seat next to the defendant's leg and saw him make a movement with his hand toward it. Officer DiRenzo immediately stepped to the rear of the automobile. By that time all the officers were close to the automobile, and one of them, Oreste DiRenzo (John DiRenzo's father), opened its door and told the defendant to get out. The elder DiRenzo testi-

fied that at that point, as he was holding the door handle,
"[t]he car lurched forward and I slipped, my feet came out
from under me and I landed on the ground." DiRenzo was
unhurt.[2] One of the other officers shot out a rear tire of the
automobile as it fishtailed across the slippery parking lot to-
ward an exit. The officers pursued the defendant in their
cruisers and apprehended him a short distance away. ·

1. The Commonwealth's theory of the assault and bat-
tery offense, first broached by the prosecutor at the argu-
ment on the motion for required findings of not guilty and
subsequently presented to the jury in closing argument, was
that the defendant sped away from the parking lot in reck-
less and wanton disregard of the safety of the police officers
(who were arrayed along the sides of his automobile), caus-
ing the vehicle to come into contact with (but not to injure)
three of the officers.[3] The judge's charge confined the jury's
consideration of the assault and battery charge to the theory
espoused by the Commonwealth by instructing them that
the defendant's conviction of assault and battery would be
warranted if they should find that his conduct was reckless

---

[2] At the same time, as the automobile moved sideways as well as for-
ward, its left rear tire passed over the younger DiRenzo's foot, and its rear
bumper struck Officer Richard Schwerin's hand and leg. It appears that
no injury resulted to either officer. The jury found the defendant not
guilty on two counts of assault and battery premised on those contacts.

[3] The Commonwealth's decision not to rely on a theory of actual intent
is understandable in the circumstances. The uncontradicted evidence
showed that the incident occurred as the defendant was attempting to
drive the automobile forward, a direction unobstructed by any of the of-
ficers. From inside the vehicle, his senses perhaps impaired by alcohol, he
might not have observed that Officer Oreste DiRenzo continued to hold
the outside door handle after opening the door and ordering him out. The
contacts with the other officers, which resulted in verdicts of not guilty,
appear to have been occasioned, not by any intent to assault, but by the
unintended fishtailing of the automobile on the icy surface as it ac-
celerated away from them. While these circumstances certainly allowed
an inference of wilful, wanton and reckless conduct, the prosecutor could
have reasoned that they provided scant, if any, evidence of an intent to
assault with a dangerous weapon. See *Commonwealth* v. *Appleby*, 380
Mass. 296, 308 (1980).

and wanton and that it had caused "some contact" between the officer and the vehicle.

The classic definition of assault and battery is "the intentional and unjustified use of force upon the person of another, however slight." *Commonwealth* v. *McCan,* 277 Mass. 199, 203 (1931). Nolan, Criminal Law § 322, at 172 (1976). The law recognizes, however, an alternative form of assault and battery in which proof of a wilful, wanton and reckless act which results in personal injury to another substitutes for (or in some cases is said, with some imprecision, to allow the "inference" of) intentional conduct. Nolan, *supra* at 172-173. As previously noted, there is no question that this was the only theory of assault and battery presented to the jury. The jury were thus permitted to find the defendant guilty even if no one was injured, so long as they found an offensive touching "however slight." This, we think, incorrectly characterizes the law in a case of assault and battery by means of wilful, wanton and reckless conduct. We are unable to find a single reference in our case law to this mode of proof of assault and battery which does not refer to actual physical injury as a necessary element of the required proof. See *Commonwealth* v. *Hawkins,* 157 Mass. 551, 553 (1893) (assault and battery may be established by the "intentional doing of an act which by reason of its wanton . . . character, exposes another to personal injury, and causes such an injury"); *Commonwealth* v. *McCan,* 277 Mass. at 203 ("the intentional doing of a wanton . . . act causing personal injury to another"); *Commonwealth* v. *Welansky,* 316 Mass. 383, 401 (1944) ("If by wanton or reckless conduct bodily injury is caused to another, the person guilty of such conduct is guilty of assault and battery"); *Commonwealth* v. *Sostilio,* 325 Mass. 143, 145 (1949) (same as *Welansky*); *Commonwealth* v. *Campbell,* 352 Mass. 387, 397 (1967) (same as *McCan*).[4] Thus to sustain a conviction of the crime of as-

---

[4] Some of the cited cases also speak of gross negligence which leads to actual physical injury as a basis for finding liability. We need not address

sault and battery committed by means of wilful, wanton and reckless conduct, the Commonwealth must prove (1) that the defendant's "conduct involve[d] a high degree of likelihood that substantial harm will result to another," *Commonwealth* v. *Welansky, supra* at 399, or that it "constitute[d] . . . a disregard of probable harmful consequences to another," *Commonwealth* v. *Vanderpool,* 367 Mass. 743, 747 (1975), *and* (2) that, as a result of that conduct, the victim suffered some physical injury.

We reject the Commonwealth's suggestion that the words "actual physical injury" have been used in these cases as shorthand for "unconsented touching, however slight." The concepts conveyed by the two phrases are far from congruent, and it would have been simple enough for the decisions to express the view urged by the Commonwealth had that been their intent. Instead, words expressing a clearly different meaning were used. Moreover, the manner and context in which the offense is discussed by the Supreme Judicial Court in each of the opinions leaves no doubt that the court sought to formulate the elements of a distinct mode of culpability. We also reject the Commonwealth's contention that our decision in *Commonwealth* v. *LeBlanc,* 3 Mass. App. Ct. 780 (1975), represents approval of a conviction arising from circumstances like those here. In *LeBlanc,* after an officer approached the defendant's automobile "the door on the driver's side swung open, knocking the officer down, and the defendant drove off. These circumstances were sufficient to permit the jury to infer that the defendant *intentionally* struck the officer with the door . . . ." *Id.* at 780 (emphasis supplied). The *LeBlanc* case is not an example of assault and battery by wilful, wanton and reckless conduct.

The rationale for a requirement of demonstrable physical injury in cases of wilful and wanton conduct is not difficult to discern. In such a case, actual intent to commit the

---

the propriety of that formulation. Although the issue was raised at the trial, the trial judge ruled that negligence was an inadequate basis for imposition of criminal liability. See generally Nolan, *supra* § 322, at 173.

crime is not present, but may, as a legal fiction, be "inferred"[5] from "the nature of the act *and its actual results.*" *Commonwealth* v. *Stratton,* 114 Mass. 303, 305 (1873) (emphasis supplied). The higher standard of actual bodily injury in wanton and reckless conduct cases (as opposed to the mere "offensive touch" standard in intent cases) could be viewed as an attempt to establish levels of equivalent culpability within essentially dissimilar patterns of activity which have been determined to fall within the same statutory offense. Thus, until the unintended touch of a wilful, wanton and reckless actor causes injury, it is not cloaked with the criminal liability which attends the touch of one who intends the offensive contact.

The Commonwealth also argues that the general intent necessary to support a conviction for assault and battery by means of a dangerous weapon, see *Commonwealth* v. *Appleby,* 380 Mass. 296, 307 (1980), may be inferred here from the very use of such a weapon. See *Commonwealth* v. *Davis,* 10 Mass. App. Ct. 190, 197 (1980). Such an inference might reasonably be made where there is a "use of an inherently dangerous weapon, or . . . use of some other object *as a weapon,* with the intent to use that object in a dangerous or potentially dangerous fashion." *Commonwealth* v. *Appleby, supra* at 308 (emphasis supplied). An automobile, however, is not a "dangerous weapon per se," *id.* at 303, and the Commonwealth never alleged that the defendant used his automobile as a weapon or purposely to injure the officers, compare *Commonwealth* v. *LeBlanc,. supra,* choosing instead to rely on the theory that he used the vehicle in a wanton and reckless manner as a means of escape. The inference urged by the Commonwealth is one involving actual intent, a consideration which is not in issue in a prosecution predicated on the wilful, wanton and reck-

---

[5] As we have indicated, the legal principle involved is more precisely described as one of legal equivalence rather than inference. *Commonwealth* v. *Welansky,* 316 Mass. at 401. One could not truly "infer" an intent from wanton and reckless conduct because, by definition, it is characterized by "indifference to or disregard of probable consequences." *Id.* at 399. Although the conduct is intended, the result is not.

less conduct variant of the offense. The inference is not available to the Commonwealth in the circumstances of this case.

We conclude that since there was no evidence of physical injury to Officer Oreste DiRenzo, the theory of guilt furnished the jury improperly crossed two wires, and, as a result, the defendant's conviction for assault and battery on a theory of wanton and reckless conduct cannot stand. See Mass.R.Crim.P. 25(a), 378 Mass. 896 (1979); *Commonwealth* v. *Blavackas*, 11 Mass. App. Ct. 746, 752-753 (1981).

2. The defendant contends that reversal of the assault and battery conviction requires resentencing on the firearm charge because "[d]ue process . . . require[s] resentencing if the sentencing judge . . . relied on information which was inaccurate or misleading . . . , a prior conviction later revealed to be constitutionally infirm . . . , or allegations of other criminal conduct which were wholly unreliable . . ." *Commonwealth* v. *LeBlanc*, 370 Mass. 217, 221 (1976). The defendant argues, in essence, that the conviction which we have held to be invalid may have influenced the judge in his consideration of the sentence for the remaining conviction, and that due process requires that the judge resentence on the firearm charge in an atmosphere untainted by the presence of the assault and battery conviction. In support of the argument, the defendant cites *McGee* v. *United States*, 462 F.2d 243 (2d Cir. 1972). In *McGee*, identical concurrent sentences had been imposed on each of four counts which had been tried together. The conviction on the first of the counts was subsequently overturned. The appellate court held that "[t]he trial judge's original sentencing determination with respect to counts 2 through 4 could have been influenced by [the] conviction under count 1 — just as evidence of a prior conviction might influence a sentencing judge on a subsequent one. If such were in fact the case, [the] initial sentences under counts 2 through 4 would require reconsideration." *Id.* at 245. The court determined that it could not ascertain from the judge's sen-

tencing remarks whether he had in fact been influenced by the invalid conviction when sentencing on the valid ones, but identified several factors which indicated that such an influence was "quite probable." *Id.* at 246. In such circumstances, resentencing was proper. *Id.* at 247.

The factors which influenced the court in *McGee* are not present here. In *McGee,* the conviction which was reversed "was always regarded as the most serious of the four," and the other offenses might not have been prosecuted in the absence of the first. *Id.* at 246. In this case, the judge's sentencing remarks indicate that the situation was exactly the opposite, the now-voided assault and battery conviction being viewed as the less serious, despite the fact that it carried a substantially greater potential penalty.[6] Concurrent sentences were imposed which corresponded to the judge's expressed perception of the respective gravity of the two offenses. On these facts, we think it unlikely that the assault and battery conviction influenced the disposition of the firearm charge.[7] Moreover, the judge also noted that "[t]he defendant's *prior* record, which is extensive, fully warrants the recommendation of the Commonwealth on [the firearm] indictment" (emphasis supplied). That recommendation was subsequently adopted. It thus appears affirmatively that the judge's sentencing decision on the firearm charge was influenced by the defendant's prior criminal record, rather than by the contemporaneous assault and battery conviction. The record is thus devoid of factors of the sort which persuaded the court in *McGee* to remand that case for resentencing. Finally, it appears that the judge did not rely in passing sentence on the type of inaccurate, misleading or unreliable information described in

---

[6] The judge stated that "[s]o far as the gun charge is concerned, I view that matter very seriously .... I do not view the assault and battery conviction in the same light. I do not believe, in the overall picture, that a sentence other than concurrent on that is justified."

[7] Compare *McGee* v. *United States, supra,* where identical sentences were imposed on four counts despite the fact that one was considered to be more serious than the others.

*Commonwealth* v. *LeBlanc*, 370 Mass. at 221. We conclude that the defendant is not entitled to be resentenced.

The judgment on the second count of indictment no. 76391 is reversed, the verdict is set aside, and judgment is to be entered on that charge for the defendant. The judgment on indictment no. 76390 is affirmed.

*So ordered.*