COMMONWEALTH *vs.* BRET MISTRETTA. No. 12-P-152. September 16, 2013. *Assault and Battery by Means of a Dangerous Weapon. Assault and Battery. Intentional Conduct. Wanton or Reckless Conduct. Practice, Criminal,* Instructions to jury.

After a Superior Court jury trial, the defendant was convicted of assault and battery by means of a dangerous weapon, and assault and battery as a lesser included offense of assault and battery causing serious bodily injury. These charges stemmed from two episodes (in June and September of 2010) in which arguments between the defendant and the victim (his live-in girlfriend) escalated into violence.[1]

The jury were instructed on both intentional assault and battery and reckless assault and battery. In this appeal, the defendant contends that the trial judge was required, sua sponte, to give a specific unanimity instruction as to the form of assault and battery on which the jury found guilt, and to provide special verdict slips on which to identify the ground for their decision.[2] He acknowledges that his claim was not preserved and that our review is confined to whether any error created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Arias*, 78 Mass. App. Ct. 429, 431 (2010). Because specific unanimity was not required in the circumstances, there was no error, and therefore no substantial risk of a miscarriage of justice.

[1]The defendant was acquitted of two other charges involving the same victim — one arising from an incident in August, 2010, and the other arising from distinct conduct during the September, 2010, incident.

[2]The defendant's claim pertains only to the alternate forms of assault and battery. Because there were separate charges pertaining to each offense, and separate verdict slips for each charge, there was no risk that the jury failed to agree unanimously to the conduct upon which guilt was established. See *Commonwealth* v. *Conefrey*, 420 Mass. 508, 513-514 (1995); *Commonwealth* v. *Federico*, 70 Mass. App. Ct. 711, 719 (2007). The defendant does not contend otherwise.

"The classic definition of assault and battery is 'the intentional and unjustified use of force upon the person of another, however slight.' The law recognizes, however, an alternative form of assault and battery in which proof of a wilful, wanton and reckless act which results in personal injury to another substitutes for (or in some cases is said, with some imprecision, to allow the 'inference' of) intentional conduct." *Commonwealth* v. *Welch*, 16 Mass. App. Ct. 271, 274 (1983) (citations omitted). These alternative forms of assault and battery have, on occasion, been referred to as "two separate aspects" of the crime, *Commonwealth* v. *Burno*, 396 Mass. 622, 625 (1986), or as two "theories" of the crime, *Commonwealth* v. *Porro*, 458 Mass. 526, 529 (2010).

Regardless of the label used, however, the two forms of assault and battery are closely related. In the case of reckless assault and battery, actual intent to commit the crime is not present, but its equivalent is established by the nature of the act (the act, itself, must be intentional, and its character wanton and reckless) and its results (there must be actual physical injury, and not simply unconsented-to touching). *Commonwealth* v. *Welch, supra* at 275-276. Thus, just as the different forms of assault (attempted battery or threatened battery) are closely related subcategories of the same crime, see *Commonwealth* v. *Porro, supra* at 534; *Commonwealth* v. *Arias, supra* at 433, so, too, are the intentional and reckless forms of assault and battery. Specific unanimity is not required, because they are not "separate, distinct, and essentially unrelated ways in which the same crime can be committed." *Commonwealth* v. *Santos*, 440 Mass. 281, 288 (2003).

Because we determine that the judge did not err in not requiring specific unanimity, we need not consider the defendant's further argument that he suffered a substantial risk of a miscarriage of justice because, in his view, the evidence only permitted the conclusion that he had the intent to batter, and there is no way to determine the form of assault and battery of which he was convicted.[3] See *Commonwealth* v. *Arias, supra* at 431-433. See also *Commonwealth* v. *Federico*, 70 Mass. App. Ct. 711, 719-720 (2007). We note, however, that even in cases where the evidence appears to fit more readily into the intentional assault and battery paradigm, there may be sufficient evidence to support a verdict of guilty based upon reckless assault and battery. See *Commonwealth* v. *Correia*, 50 Mass. App. Ct. 455, 458 (2000). In the present case, keeping in mind the jury's prerogative to pick and choose from the conflicting testimony of the victim and the defendant, it appears, no less than in *Correia*, that the defendant's conduct during both the June and the September episodes reasonably could be found to be wilful and wanton.

*Judgments affirmed.*

*Matthew Bové* for the defendant.

*Darina Belot*, Assistant District Attorney, for the Commonwealth.

---

[3]The defendant concedes that, as to both incidents, there was sufficient evidence to convict him of intentional assault and battery.