# United States Court of Appeals
## For the First Circuit

No. 14-2319

UNITED STATES OF AMERICA,

Appellee,

v.

VERISSIMO TAVARES,

Defendant, Appellant.

Before

Thompson, Selya, and Kayatta,
<u>Circuit Judges</u>.

**ORDER OF COURT**
**Entered: March 1, 2017**

In a timely petition for rehearing en banc, which the panel herein treats as also a petition for rehearing, <u>see</u> First Circuit Internal Operating Procedure X(C), Petitioner challenges, among other things, our conclusion that Massachusetts ABDW is a divisible offense with at least one elemental form that is a crime of violence. In so doing, Petitioner raises, among other contentions, an argument not made in his briefs on appeal: That, in determining whether the reckless and intentional forms of ABDW constitute alternative elements or simply alternative methods of satisfying a single element under <u>Mathis</u> v. <u>United States</u>, 136 S. Ct. 2243 (2016), we must follow the decision of the Massachusetts Appeals Court (MAC) in <u>Commonwealth</u> v. <u>Mistretta</u>, 995 N.E.2d 814 (Mass. App. Ct. 2013), even if we conclude (as we have) that the Massachusetts Supreme Judicial Court (SJC) would most likely rule that fundamentally different degrees of mens rea serve as different elements for different forms of the offense, rather than as mere methods of accomplishing a single indivisible offense. The rationales offered in support of this argument appear to be that (1) trial courts in Massachusetts likely followed <u>Mistretta</u> in the absence of an actual SJC opinion to the contrary; (2) criminal defendants have a due process right to rely on <u>Mistretta</u> in the same circumstances; and (3) the presence of an extant, as yet unrejected, MAC decision at least means that Massachusetts law does not provide a sufficiently "clear answer[]" under <u>Mathis</u>, 136 S. Ct. at 2256.

Because this argument was never raised below or on appeal, it is waived.  See Trull v. Volkswagen of Am., Inc., 187 F.3d 88, 104 (1st Cir. 1999) (new arguments raised for the first time in a petition for rehearing are waived).  We observe, too, that Petitioner's 2011 conviction at issue here was entered before Mistretta was decided in 2013, and there is no reason to think that the model jury instruction described in our opinion, Slip Op. at 29 n.8, was not presumed to be correct at the time of that conviction.

In any event, our opinion provides that upon remand, Shepard documents may be submitted.  To the extent that these documents shed new light on the nature of Petitioner's conviction for ABDW, see Mathis, 136 S. Ct. at 2256 ("And if state law fails to provide clear answers, federal judges have another place to look:   the record of [the] prior conviction itself."), Petitioner is not barred from arguing that that new information calls for a different conclusion than the one we have reached.

The petition for rehearing is denied.


By the Court:
/s/ Margaret Carter, Clerk


cc:
Hon. Douglas P. Woodlock
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
Dina Michael Chaitowitz
Randall Ernest Kromm
John Albert Wortmann Jr.
Judith H. Mizner
Behzad Mirhashem