Following a jury trial, the defendant, Omar G. Campbell, was convicted of assault and battery on a family or household member, in violation of G. L. c. 265, § 13M(a ). On appeal, the defendant argues that the Commonwealth provided insufficient evidence of a substantive dating relationship, and claims that the undifferentiated general verdict slip entitles him to a new trial. He also claims that there was no proof that the victim suffered any more than a "trifling" injury. We affirm.
1. Sufficiency of the evidence. In the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), the jury could have found the following facts. The defendant and the victim had a sexual relationship for nearly one year. Both the defendant and the victim were married to others at the start of their relationship. Most Monday nights, the victim would stay overnight at the defendant's apartment and the two communicated via text message on a regular basis.
On Monday, October 6, 2014, the victim arrived at the defendant's home and confronted him about his affairs with other women. After some time, the defendant rushed at her and grabbed her by her belt buckle, causing her to fall and injure her right arm.
The defendant contends that the Commonwealth failed to prove that the victim was a family or household member. We disagree. Under G. L. c. 265, § 13M(c ), as appearing in St. 2014, c. 260, § 23, a family or household member includes parties who are engaged in a "substantive dating or engagement relationship." To determine whether a substantive dating relationship exists, the statute instructs the trier of fact to consider factors such as the "length of time of the relationship; the type of relationship; the frequency of interaction between the parties; whether the relationship was terminated by either person; and the length of time elapsed since the termination of the relationship."[2] G. L. c. 265, § 13M(c )(iii). These factors are sufficient for a fact finder to "adjudge the existence of substantive relationships." Commonwealth v. Dustin, 476 Mass. 1003, 1005 (2016) (citation omitted).
In this case, there is sufficient evidence for a jury to find that the defendant was in a substantive dating relationship with the victim. The parties had a sexual relationship for one year and communicated regularly with each other. See E.C.O. v. Compton, 464 Mass. 558, 564 (2013) (three-month relationship with regular mutual communication sufficient to constitute "substantive dating relationship"). The defendant and the victim need not have had an exclusive relationship in order to have a "substantive dating relationship." Brossard v. West Roxbury Div. of the Dist. Ct. Dept., 417 Mass. 183, 185 (1994) ( General Laws c. 209A, § 1, does not "preclude the possibility of a [victim's] being in more than one 'substantive dating relationship' at any one time"). Thus we conclude that there was sufficient evidence that the victim was a family or household member.
2. Verdict slip. The defendant claims that the judge erred in failing to provide the jury with special verdict slips because they were instructed on both theories of assault and battery of a household member.[3] We disagree. Because the defendant's claim was not preserved, we review only to determine whether any error created a substantial risk of a miscarriage of justice. See Commonwealth v. Freeman, 352 Mass. 556, 564 (1967). Specific unanimity is not required when, as here, the theories "are closely related, and no purpose would be served by requiring the jury to dissect the evidence and agree as to which related, or even overlapping, variant of the same element had been proved." Commonwealth v. Santos, 440 Mass. 281, 289 (2003). This court has held that the intentional and reckless theories of assault and battery do not require specific unanimity instructions because they are "not 'separate, distinct, and essentially unrelated ways in which the same crime can be committed.' " Commonwealth v. Mistretta, 84 Mass. App. Ct. 906, 907 (2013) (citation omitted). Accordingly, we conclude there is no error, and therefore no substantial risk of a miscarriage of justice.
Judgment affirmed.

Because these factors are identical to the ones used to determine "substantive dating relationship" in the context of abuse prevention orders under G. L. c. 209A, § 1, those cases guide our inquiry. See Commonwealth v. Dustin, 476 Mass. 1003, 1005 (2016).

The judge instructed the jury on both an intentional and a reckless theory of assault and battery. The defendant argues that he could not be convicted under the reckless theory because the victim suffered an injury that was "transient and trifling at most." The jury could have credited the victim's testimony that she was injured. We will not disrupt a fact finder's credibility determinations. See Commonwealth v. Boucher, 438 Mass. 274, 276 (2002).