# United States Court of Appeals
## For the First Circuit

No. 16-2167

EBER RIVERA,

Petitioner, Appellant,

v.

MICHAEL A. THOMPSON, Superintendent,

Respondent, Appellee.

Before

Howard, Chief Judge,
Torruella, Selya, Lynch, Lipez, Thompson, Kayatta, and Barron, Circuit Judges.

**ORDER OF COURT**

Entered: April 26, 2018

The petition for rehearing having been denied by the panel of judges who decided the case, and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing and the petition for rehearing en banc be denied.

**Barron, Circuit Judge, concurring in the denial of rehearing en banc.** The panel applied the deferential standard of review established by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, only to the Massachusetts Appeals Court's analysis of the performance prong of the ineffective assistance of counsel inquiry. See Rivera v. Thompson, 879 F.3d 7, 16-17 (1st Cir. 2018). The Commonwealth in its petition for panel rehearing or rehearing en banc challenges that ruling on a number of grounds. Those grounds include the contention that the Massachusetts Appeals Court's reference to the reasons set forth in certain pages of the Commonwealth's brief that included a discussion of the prejudice prong constituted an adjudication of that prong, see Commonwealth v. Rivera, 2012 WL 1623373 at *1 (Mass. App. Ct. May 10, 2012) ("For these reasons, and for the reasons included in the Commonwealth's brief at 13-39, the defendant was not deprived of the effective assistance of counsel."), and thus requires the application of deferential AEDPA review to that prong under Magraw v. Roden, 743 F.3d 1, 10 (1st Cir. 2014) and Johnson v. Williams, 568 U.S. 289, 301 (2013). Without suggesting that those precedents would dictate the outcome here, I note that the Commonwealth makes this

incorporation argument for the first time in its petition and hence the argument is waived. <u>See</u> <u>United States</u> v. <u>Tavares</u>, 849 F.3d 529, 530 (1st Cir. 2017) (stating that "new arguments raised for the first time in a petition for rehearing are waived").

By the Court:

<u>/s/ Margaret Carter, Clerk</u>

cc:
Hon. Indira Talwani
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
Benjamin Brooks
Randall E. Ravitz
Jessica V. Barnett
Todd Michael Blume