The defendant, Mario W. Marte, was convicted of assault and battery, G. L. c. 265, § 13A, following a bench trial. On appeal, the defendant challenges the sufficiency of the evidence and claims that the judge committed prejudicial error by admitting in evidence a photograph of the victim's upper arm. We affirm.
Background. We recite the facts of the case in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). On April 6, 2016, the defendant and the victim were arguing because the victim would not allow the defendant to use her car. They were standing in close proximity to the victim's car. Ultimately, the defendant slammed the car door on the victim's hand, causing injury to her hand.
The victim did not testify. The only witness to testify who was present during the incident was Theresa Daudelin, the victim's aunt. Daudelin testified that she was about twenty feet from the parties during the argument, which occurred in her driveway, and that "[t]here was a lot of yelling." She testified that the victim was positioned at the driver's side door of the car, that the victim was "going into the car" so as to prevent the defendant from entering the car, and that the defendant was "directly in front of [the victim's] face." Daudelin stated that the defendant "slammed the door on [the victim,] ... he took the door and went boom, and she had her hand there." The victim "started screaming," which prompted Daudelin to take the victim into Daudelin's home and wrap the injured hand. Daudelin then testified that she and the victim reported the incident to the police,[2] and that the police took photographs, which Daudelin identified at trial, of the victim's face, "bruising" of her upper right arm, and "more markings" of her right hand.[3]
At trial, the defendant moved to exclude the photograph of the bruising of the victim's upper arm because no properly admitted testimony indicated that the bruising was caused by the defendant slamming the car door, and a police officer testified that the photograph was not consistent with an injury resulting from such an incident. The judge admitted the photograph as an exhibit, saying that it will be given "whatever weight it deserves to get."
The defendant moved for a required finding of not guilty at the close of the Commonwealth's case, which was denied. After his motion was denied, the defendant introduced the victim's cellular telephone (cell phone) records showing calls between that telephone and the landline telephone at Daudelin's home on April 6, 2016, in an attempt to show that Daudelin may not have been with the victim on the date of the incident. The defendant then renewed his motion for a required finding at the close of all the evidence, which also was denied. The judge found the defendant guilty of assault and battery.
Discussion. 1. Sufficiency of the evidence. "[W]e [first] consider the state of the evidence at the close of the Commonwealth's case to determine ... whether the Commonwealth [had] presented sufficient evidence of the defendant's guilt to submit the case to the jury" (citations omitted). Commonwealth v. Alden, 93 Mass. App. Ct. 438, 444 (2018). "[The] question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Latimore, 378 Mass. at 677, quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).
We conclude that the Commonwealth presented sufficient evidence to sustain a conviction of a reckless assault and battery.[4] To prove a reckless assault and battery, the Commonwealth must show: "(1) that the defendant's conduct involve[d] a high degree of likelihood that substantial harm will result to another, or that it constitute[d] ... a disregard of probable harmful consequences to another, and (2) that, as a result of that conduct, the victim suffered some physical injury" (citations omitted). Commonwealth v. Welch, 16 Mass. App. Ct. 271, 275 (1983). The victim's injury "need not have been permanent, but it must have been more than transient and trifling." Commonwealth v. Burno, 396 Mass. 622, 627 (1986).
In this case, Daudelin testified that the parties were yelling in very close proximity to each other, that the victim was positioned in the open driver's side door, going into the car, and that the defendant then "slammed the door on her." This testimony was sufficient to allow a rational trier of fact to find that the defendant slammed the car door in disregard of the probability that it would make harmful contact with the victim. In addition, a rational trier of fact also could have found that the defendant's conduct caused more than a trifling physical injury based on Daudelin's testimony and the photographic evidence showing marks on the victim's hand days after the incident. Thus, the judge properly denied the defendant's motion for a required finding of not guilty.
2. Deterioration. We next consider the defendant's motion at the close of all the evidence, "to determine whether the Commonwealth's position as to proof deteriorated after it closed its case." Alden, 93 Mass. App. Ct. at 445, quoting Commonwealth v. Sheline, 391 Mass. 279, 283 (1984). Viewing the evidence in the light most favorable to the Commonwealth, deterioration occurs only where the defendant has presented "contrary evidence ... so overwhelming that no rational [trier of fact] could conclude that the defendant was guilty." Commonwealth v. Ross, 92 Mass. App. Ct. 377, 381 (2017), quoting Commonwealth v. O'Laughlin, 446 Mass. 188, 204 (2006).
We conclude the judge also properly denied the defendant's renewed motion for a required finding of not guilty because the defendant presented no deteriorating evidence. The only evidence that the defendant provided in support of his renewed motion was a set of telephone records showing multiple telephone calls between the landline telephone at Daudelin's home and the victim's cell phone on the date of the incident. The judge could have reasonably attributed the calls to be part of the family's practice of telephoning one another while in different rooms of the house.
3. Denial of motion to exclude evidence. The defendant also argues on appeal that the judge erred in admitting a photograph of the victim's upper arm in evidence. The defendant moved to exclude the photograph at trial, so we review for prejudicial error. See Commonwealth v. Cruz, 445 Mass. 589, 591 (2005). We must determine whether the judge erred and, if so, whether the error was prejudicial. See id. "An error is not prejudicial if it 'did not influence the [trier of fact], or had but very slight effect.' " Id., quoting Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994).
The judge stated at trial that he would give the photograph "whatever weight it deserves to get." The judge had broad discretion to use the photograph as support for, or as refutation of, the Commonwealth's case. See Commonwealth v. Simpson, 434 Mass. 570, 578-579 (2001) ("Whether evidence is relevant and whether its probative value is substantially outweighed by its prejudicial effect are matters entrusted to the trial judge's broad discretion and are not disturbed absent palpable error"). A judge in a bench trial is presumed "to have 'correctly instructed himself' on the law," absent contrary indication. Commonwealth v. Kerns, 449 Mass. 641, 650 n.13 (2007), quoting Commonwealth v. Ortiz, 431 Mass. 134, 141 (2000). The judge did not err in admitting the second photograph.[5]
Judgment affirmed.

The victim and Daudelin did not go to the police station on the day of the incident. For purposes of this appeal, it does not matter if they went two days later, as Daudelin testified, or five days later, on April 11, 2016, the date on which the victim actually reported the incident.


Daudelin first testified at trial that the injury "would have been [to] her right hand," then, following questioning by the Commonwealth, testified that the injury was to "her left hand," and then stated, "I'm not good with right and lefts." The photograph that Daudelin identified was of the victim's right hand. When viewing the evidence in the light most favorable to the Commonwealth, the injury was to the victim's right hand. See Latimore, 378 Mass. at 676-677.


Because we find sufficient evidence to support the conviction of assault and battery under a recklessness theory, we need not consider whether there was sufficient evidence to support the conviction under a theory of intentional assault and battery. See Commonwealth v. Mistretta, 84 Mass. App. Ct. 906, 907 (2013).


Even if the judge had erred, the error was not prejudicial. In fact, the defendant could have used the photograph as exculpatory evidence, highlighting the similarity between the marks on the victim's arm (where no evidence indicated it was slammed by the door or injured by the defendant) and on her hand.