NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-689

COMMONWEALTH

vs.

JASON A. RENNIE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A Superior Court jury convicted the defendant of assault and battery by means of a dangerous weapon (ABDW) causing serious bodily injury.  On appeal the defendant argues that the trial judge erred by failing to give a specific unanimity instruction requiring the jury to specify whether the defendant was guilty of the intentional or reckless form of assault and battery.  We affirm.

Background.  The jury could have found the following facts. The defendant's conviction arose from a fight that occurred in a parking lot outside a Worcester bar in the early morning hours of September 12, 2021.  The fight began when the defendant grabbed the victim's girlfriend, and the victim rushed over to

help.  The victim hit the defendant, causing the defendant to back off, but he returned a few seconds later and punched the victim in the face.  Somebody yelled "knife."  The victim, who was bleeding heavily from his left eye, put the defendant in a headlock.  The defendant then began making "thrusting" motions toward the victim's abdomen, using what appeared to be a weapon.  After the two men broke apart, the defendant fled and was eventually apprehended by police a couple hundred yards away.  The defendant had a knife in his back pocket, and the police also recovered two similar-looking knives in the parking lot.  The victim suffered severe injuries and even after three surgeries could not "make out any shapes" with his left eye.

The defendant testified in his own defense that the victim "sucker punched" him and then put him in a headlock.  The defendant started panicking because he could not breathe.  Unable to escape, the defendant pulled out a knife from the set that he normally carried with him and "swung it over [his] shoulder."  He did not know if he hit anything.

Discussion.  At the charge conference, the defendant requested that the judge instruct the jury that they could find the defendant guilty only if they were unanimous as to the form of assault and battery, intentional or reckless, underlying their verdict.  The judge denied the request, relying on Commonwealth v. Mistretta, 84 Mass. App. Ct. 906 (2013), among

2

other authorities.  The judge then instructed the jury on both intentional and reckless assault and battery and gave a general unanimity instruction.

In Mistretta, 84 Mass. App. Ct. at 907, we held that the intentional and reckless forms of assault and battery are "closely related subcategories of the same crime" for which "[s]pecific unanimity is not required."  We reasoned that "[i]n the case of reckless assault and battery, actual intent to commit the crime is not present, but its equivalent is established by the nature of the act (the act, itself, must be intentional, and its character wanton and reckless) and its results (there must be actual physical injury, and not simply unconsented-to touching)."  Id.  We therefore concluded that the judge did not err in declining to give a specific unanimity instruction because the two forms of assault and battery "are not 'separate, distinct, and essentially unrelated ways in which the same crime can be committed.'"  Id., quoting Commonwealth v. Santos, 440 Mass. 281, 288 (2003).

While not contesting that Mistretta is controlling, the defendant implicitly asks us to overrule it for the reasons stated by the United States Court of Appeals for the First Circuit in United States v. Tavares, 843 F.3d 1 (1st Cir. 2016).  The question in Tavares was whether the Massachusetts offense of ABDW is a crime of violence for purposes of the career offender

3

provision of the Federal sentencing guidelines. See id. at 8-9. That question in turn depended on whether the offense of ABDW is "elementally divisible into multiple offenses." Id. at 12. In that context the First Circuit expressed its view that Mistretta was wrongly decided because the two forms of assault and battery "differ in that one requires intent while the other requires recklessness." Id. at 16.

We decline the defendant's invitation to adopt the First Circuit's reasoning in Tavares and overrule Mistretta. We are of course not bound by a decision of a Federal court on a question of State law. Indeed, although Tavares was decided nearly a decade ago, we have since continued to follow Mistretta in a number of unpublished decisions issued under our former rule 1:28 and current rule 23.0 and in at least one published decision. See Commonwealth v. Louis, 94 Mass. App. Ct. 404, 407 n.1 (2018), citing Mistretta, 84 Mass. App. Ct. at 907 ("Because we find sufficient evidence to support the conviction of assault and battery by means of a dangerous weapon under a recklessness theory, we need not consider whether there was sufficient evidence to support the conviction under a theory of intentional assault and battery"). See also Commonwealth v. Wentworth, 482 Mass. 664, 682 (2019) (Gants, C.J., dissenting), citing Mistretta, supra ("if that evidence were deemed sufficient to support a jury instruction for harmful battery, the Commonwealth

4

would be entitled to jury instructions regarding both harmful battery and offensive battery, and the jury could convict the defendant of assault and battery if some jurors found that the defendant was guilty of harmful battery and others thought that the defendant was guilty of offensive battery").

The defendant has not given us sufficient reason to depart from these cases. Contrary to his suggestion, the fact that two forms of a crime have different mens rea requirements is not dispositive of whether a specific unanimity instruction is warranted. For example, in an analogous context, the Supreme Judicial Court has held that attempted battery and threatened battery are closely related ways of committing the same crime such that a jury need not be unanimous as to which was the basis for their verdict. See Commonwealth v. Porro, 458 Mass. 526, 534 (2010). This is so despite the different mens rea requirements underlying the two theories. See id. See also, e.g., Commonwealth v. Zanetti, 454 Mass. 449, 467 (2009) (jury need not be unanimous as to whether defendant is guilty as principal or joint venturer).

The defendant also argues that the intentional and reckless forms of assault and battery are distinct because each requires a different result -- that is, intentional battery requires only a slight touching, whereas reckless battery requires physical injury. See Mistretta, 84 Mass. App. Ct. at 907. While this

5

raises an interesting question, it is not one that is implicated by the facts of this case. That is because the charge here was ABDW causing "serious bodily injury," and so the judge instructed the jury that, with respect to both theories of assault and battery, they had to find "bodily injury that results in a permanent disfigurement, loss or impairment of a bodily function, limb or organ or a substantial risk of death." We therefore need not and do not consider the question.

Finally, we are especially disinclined to revisit Mistretta on the facts here because the Commonwealth has a colorable argument that the defendant was not prejudiced by the lack of a specific unanimity instruction, even assuming one was warranted. Although the judge instructed the jury on both forms of assault and battery, the Commonwealth in its opening statement and closing argument presented its case as one of intentional assault and battery, asserting that the defendant intentionally stabbed the victim in the head before being put in the headlock. We are therefore inclined to agree with the Commonwealth that there was little to no potential for jury disagreement.

For these reasons we decline to overrule Mistretta and thus conclude that the judge did not err in denying the defendant's request for a specific unanimity instruction.

Judgment affirmed.

By the Court (Henry, Shin &
Toone, JJ.[1]),

Clerk

Entered: April 8, 2026.

---

[1] The panelists are listed in order of seniority.