COMMONWEALTH *vs.* WILLIAM R. CARSON. November 10, 1980. The defendant was found guilty by a jury of being a "disorderly person" under

G. L. c. 272, § 53, and fined $25. On appeal he claims that a District Court judge erred in denying his motion for a required finding of not guilty. There was no error.

The defendant correctly contends that "[v]ulgar, profane, offensive or abusive speech is not, without more, subject to criminal sanction." *Commonwealth* v. *A Juvenile,* 368 Mass. 580, 589 (1975). However, the mere fact that the conduct of the defendant was accompanied by speech does not preclude a conviction under G. L. c. 272, § 53. See *Commonwealth* v. *Richards,* 369 Mass. 443, 450 (1976). We conclude that in all the circumstances of this case the defendant's conduct — independent of any speech or expressive conduct — could be found to have been done with the requisite criminal intent. *Id.* at 448. Compare *Commonwealth* v. *A Juvenile, supra* at 597-598.

The "Agreed Statement of the Parties" provides the following undisputed facts. About 11:50 P.M. on a Saturday night campus police at the University of Massachusetts at Amherst responded to a complaint of a "disturbance" in the lobby of Coolidge Dormitory. Upon arrival they discovered the defendant and four to six other persons leaving the dormitory. The officers intercepted the defendant and his companions about 30 to 50 yards from the dormitory entrance, and made inquiries of them concerning the alleged disturbance. The other students were carrying beer bottles and an empty beer cooler, but the defendant was carrying nothing. The defendant "started getting louder and louder." His eyes were bloodshot, he appeared unsteady on his feet, and his breath smelled of alcohol. The police believed the defendant to be drunk. In response to their suggestion that the defendant and his companions "call it a night and return to their own dorms," the defendant became "belligerent" and "arrogant." In a very loud voice, he said, "We are going to go and party some and you cops have no right to ask us anything." He also muttered the words "f. . . . . . . a. . . . . . ." The hullabaloo attracted a crowd of approximately 50 people, some of them laughing or yelling abuse at the police. Officer Williamson again told the defendant and his friends to go home. The defendant's companions agreed, but the defendant again refused. Officer Draghetti felt that the defendant "should be placed under protective custody." G. L. c. 111B, § 8, as in effect prior to St. 1979, c. 597, § 1. Officer Williamson said he intended to arrest the defendant "for being a disorderly person."[1] In response to Williamson's comment "You're going with me," the defendant resisted the officer's grasp and fled. He ran for three to four minutes in a zig-zag pattern "around the plaza and dorms" until he was apprehended.

The Supreme Judicial Court has given content to the phrase "disorderly persons" as used in G. L. c. 272, § 53. In *Alegata* v. *Com-*

[1] As we have concluded that the defendant's behavior independent of his profane words warranted his conviction, the intention of the respective officers is of no consequence. In any event, either action would have been proper at that juncture.

*monwealth,* 353 Mass. 287 (1967), the court, relying on the language of §
250.2 of the Model Penal Code (Proposed Official Draft 1962), found that
§ 53 was not void for vagueness. *Id.* at 304. *Commonwealth* v. *A
Juvenile, supra* at 595-596. But see *Commonwealth* v. *Richards, supra* at
446 n.2. Adopting the Model Penal Code language as dispositive, the
court concluded that G. L. c. 272, § 53, embraces "activities which inten-
tionally tend to disturb the public tranquility, or alarm or provoke
others." *Alegata* v. *Commonwealth, supra.    Commonwealth* v. *A
Juvenile, supra.*

The defendant contends that his behavior could not be "considered of-
fensive due to [the typical Saturday night college dormitory] environ-
ment." Contrast *Commonwealth* v. *Orlando,* 371 Mass. 732, 734-735
(1977). This contention ignores the fact that the police initially came to
Coolidge Dormitory in response to a "reported disturbance."
And the defendant's subsequent behavior toward the officers and his
resisting apprehension by running in a zig-zag pattern could be fairly
characterized as "tumultuous." See *Commonwealth* v. *A Juvenile, supra*
at 597. Moreover, we are confident that the defendant's conduct here
"involves no lawful exercise of a First Amendment right." *Id.* at 599.

In focusing on another aspect of G. L. c. 272, § 53, the Supreme
Judicial Court noted in *Commonwealth* v. *Orlando, supra* at 735, that
while a "specific standard is impractical" for defining the totality of
behavior proscribed by G. L. c. 272, § 53, a potential defendant's "com-
mon sense in most cases will define proscribed conduct." *Id.* By his bel-
ligerence the defendant needlessly exacerbated a situation that — had he
been less intoxicated — might have moderated of its own accord.

In sum, we think that in the totality of the circumstances there was suf-
ficient evidence to warrant a rational jury in finding the defendant guilty
beyond a reasonable doubt of being a disorderly person.

*Judgment affirmed.*

*Mark Eckstein* for the defendant.
*Stephen R. Kaplan,* Assistant District Attorney, for the Com-
monwealth.