Welsh, P.J.
This is a petition for compensation on behalf of the minor children of a victim of a violent crime, agreeable to General Laws Chapter 258A. Most of the essential facts are not disputed.
The attorney general filed his report agreeable to Rule 150(d), Dist./Mun. Cts. R. Civ P. recommending that compensation not be paid,.for the reason that the investigation of facts disclosed that no compensable loss was *67 incurred.
Ella Mae Little, the decedent, was the mother of Sharon and Shenet Little. At the time of her death, which was the direct result of an assault and battery by means of a knife, Ella Mae, who was then 28, resided with her two minor daughters, aged 10 and 11 respectively. She was then earning a weekly wage of $164.00. She also received the sum of $212.60 per month from AFDC for the support of her two daughters.
On September 16,1979, Ella Mae died as a result of knife wounds inflicted by an unknown assailant outside a social club on Blue Hill Avenue in Boston. The police were notified immediately. She expired at the Carney Hospital shortly following the attack.
After the death of Ella Mae Little, Sharon and Shenet went to live with their grandmother, Maggie Shoulders, who brings this petition in her own right and as their legal guardian.
Maggie Shoulders paid the funeral and burial expenses. It was conceded that she is not entitled to reimbursement for this payment because she did not live with Ella Mae at the time of her death, and hence was not a dependent as that term is defined by General Laws Chapter 268A § l.[2] It was also agreed that no compensation could be awarded for medical expenses incurred, since none of the petitioners were legally liable for the bill.
Initially following the death of Ella Mae, Maggie Shoulders received $113.40 per month in AFDC payments for Sharon and Shenet. At some point,[3] Sharon and Shenet began receiving Social Security benefits as a result of the death of their mother. These payments will continue until they reach their 18th birthday.
The report indicated that Ella Mae, Sharon and Shenet were all supported by the earnings of Ella Mae which amounted to $164.00 per week. Ella Mae had the legal obligation to contribute to the support of her daughters until their 18th birthdays.
At the close of the evidence, the attorney general filed requests for rulings. These sought a ruling that there was insufficient evidence to warrant a finding for the claimant and that there was insufficient evidence to warrant a finding that the claimant had met her burden of proof. The court denied these requests and the Commonwealth duly requested a report. The judge found for the claimants in the amount of $10,000.00, the maximum award less the statutory deductible of $100.00.
The court in its special findings of fact found warrantably that the children were wholly or partially dependent upon, and had been living with, their mother, Ella Mae, at the time of her death which was due to homicide. The court determined, correctly on the facts recited in the report, that the victim had the obligation to support the two children until their 18th birthday. The court’s findings recited the weekly earnings of the deceased victim and the social security payments received by the children. The Attorney General does not attack the accuracy or the validity of any of these findings of fact.
The Attorney General takes the position that Sharon and Shenet have not established a loss compensable under this statute because they are in fact receiving more from social security by reason of their mother’s death than they *68 received before her death under AFDC and from their mother. The Attorney General rightly takes the position that the party petitioning for compensation bears the burden of proving qualification for recovery. Jones v. Commonwealth, Mass. App. Div. Adv. Sh. (1978) 409, 414.
The Commonwealth contends that Sharon and Shenet cannot claim their mother’s entire earnings as a basis for stating a claim compensable under General Laws Chapter 268A. The Gurley case[4] relied on by the Commonwealth does not address itself to this question. Rather, it speaks to the manner of assessing the compensation to be awarded when the death of the victim creates a total loss of support. Specifically, Gurley holds that that total loss compensable must first be determined without regard to the $10,000.00 maximum recovery fixed by the statute. Once that loss is fixed, the benefits received must be deducted and the $10,000.00 maximum and the $100.00 statutory exclusion are applied in determining the actual amount awarded. Id. at 598. Although Gurley does not answer the specific question posed in this case, it is interesting to note that no diminution in the amount awarded was called for because the decedent would have had a claim on some of the amount he earned for his own support. While recognizing that the argument ex silentio from a court opinion discussing a somewhat different question is a hazardous business at best, it should be noted that Gurley was the first case under this statute to reach the Supreme Judicial Court for decision. Even though the parties may have failed to raise the issue, it would not have been unusual for the Supreme Judicial Court to have expounded on it as a function of its role as pedagogue of the trial courts, particularly if so glaring a failure as to the manner of assessing damages was present.
The main quarrel that the Commonwealth expresses with regard to the judge’s computation of damage is that his calculations assumed that Sharon and Shenet Little had a claim of the entire earnings of their mother. Presumably, the argument is that the petitioner had the burden of showing exactly how much of the $154.00 weekly wage was attributable to the support of the victim alone and how much went to the support of the children. This argument, in effect, amends the statute by adding an additional requirement which would place a difficult, if not impossible, burden on a petitioner in a claim such as this. We are of the opinion that if the legislature had intended such an allocation it would have imposed such a requirement in clear and unmistakable language.
The Commonwealth attempts to demonstrate mathematically that if the $154.00 per week is allocated so that 1/3 is attributed to the support of the victim and 2/3 for the support of the daughters, there would be no out-of-pocket loss.[5] The short answer to this is that even if some allocation is required, it need not be the 1/3 postulated by the Attorney General. Using the same sort of mathematical logic espoused by the Attorney General, it is possible to demonstrate that using somewhat different fractions as a basis for allocation, an out-of-pocket loss can be shown. Since, without any allocation, the amount found to be the actual loss sustained within the contemplation of this statute was $14,750.40, the judge’s award of $10,000.00 is sustainable if under any other formula the amount allocable to the victims’ sole support is less than *69 $4,750.00 during the relevant period.[6]
It is not necessary, in our view, that the actual amount of out-of-pocket loss be demonstrated with precise mathematical accuracy so long as the trier of fact could rationally reach the conclusion arrived at by the trial judge. As with other awards, a certain amount of discretion as to amount is to be accorded the fact finder.
If the Commonwealth believed that the judge exceeded his discretion or prejudicially erred in his calculation of damage, it should have brought this to his attention by means of an apt post trial motion to correct findings or for new trial before presenting the issue to the appellate division for the first time on appeal. The issue of whether or not a person is wholly or partially dependent upon another is not a question that can be answered in a wholly abstract fashion: The amount of support periodically furnished must be viewed in the light of other sources of support. Wilson v. Commonwealth, Mass. App. Div. Adv. Sh. (1977) 828, 831-832.
In order for a person to qualify for compensation under this statute, the petition must establish that he or she is a person eligible for recovery in accordance with its terms. Mitchell v. Commonwealth, Mass. App. Div. Adv. Sh. (1978) 37, 40. In the case of a deceased victim, one must qualify as a dependent. PERLIN AND CONNORS, HANDBOOK OF CIVIL PROCEDURE IN THE MASS. DIST. COURTS, (1980), P. 188. “Dependent”, as the term is used in this statute, means financially dependent. Coon v. Commonwealth, Mass. Adv. Sh. (1978) 63, 66-67.
The petitioner has met the burden of establishing by a fair preponderance of the credible evidence that the persons for whom compensation is sought come within the terms of the statute. See Jones v. Commonwealth, Mass. App. Div. Adv. Sh. (1978) 409, 413-414. They have met the test of relationship and of sharing the same abode. They have also met their burden of proving that they were at least partially dependent for financial support upon the deceased victim. Cf. Wines v. Commonwealth, Mass. App. Div. Adv. Sh. (1978) 640, 642-643. They have also shown that the victim had income derived from her own earnings. The judge’s findings on these issues are not reviewable on appeal, unless pronounced clearly erroneous upon any reasonable view of the evidence. See Bowers v. Hathaway, 337 Mass. 88, 89 (1958); Rule 52(a) Dist./Mun. Cts. R. Civ. P.
The case of Walter v. Commonwealth, Mass. App. Div. Adv. Sh. (1979) 328 was similar in some particulars to the factual pattern in this case. The trial judge had found that at the time of death of the victim of a homicide, both she and the minor claimant were receiving a full AFDC budget. The victim had also been covertly receiving, in violation of AFDC regulations, a weekly salary of $69.00. The trial judge found that at least a portion of the unreported earned income was used to provide support for the minor child. He ruled that the surreptitious receipt of the salary in violation of the regulations precluded it from being considered in determining dependency under General Laws Chapter 258A. The Appellate Division reversed and remanded the case, reasoning that the receipt of the salary in violation of regulations did not preclude it from consideration on the issue of total or partial dependence.
*70 We conclude that the claimant’s burden was met by showing to a fair preponderance of the credible evidence that they were dependents within the two-fold statutory test of relationship and of living in the same abode. We also determine that á sufficient showing of a loss compensable under this statute was made by virtue of the deprivation of the $154.00 weekly earnings of the mother, which loss was permanent by virtue of her death, during the period of minority of the claimants. A deduction from this sum for the victim’s own support was not legally required. Even if required, such allocation is a matter for the finder of fact not reviewable in the first instance on appeal in the absence of a showing it was clearly erroneous. Since actual out-of-pocket loss calculated for the expected period of dependency well exceeds the $10,000.00 maximum, we are of the opinion that the award was justified.
The statute provides: “If two or more persons are entitled to compensation as a result of a death of a person which is the direct result of a crime, the compensation shall be apportioned by the court among the claimants in proportion to their loss.” General Laws Chapter 258A §5. The record does not show that such allocation was made.
It is ordered that the award be recalculated in accordance with this opinion and that a new judgment enter, as provided in Rule 150(g), Dist./Mun. Cts. R. Civ. P.
So ordered.

G.L.c. 258A, § 1 defines dependent as the “mother, father, spouse, spouse’s mother, spouse’s father, child, grandchild, adopted child, illegitimate child, niece or nephew, who is wholly or partially dependent for support and living with the victim at the time of his injury or death due to crime ...”

It is not evident from the report at what point the AFDC payments stopped and the social security payments began.

 363 Mass. 595 (1973).

$662.20 (monthly earnings) x 1/3 equals $221. Since each daughter receives $246, there is no out-of-pocket loss, so the argument goes.

While it may be persuasively argued that the victim could not support herself on that sum alone had she survived, it must be remembered that the family, as a unit, would have received periodic AFDC payments as well.