Black, J.
This is an action brought under G.L. c. 258A providing for compensation for victims of violent crimes, in which the plaintiff seeks to recover medical expenses and lost wages.
*256 At trial, there was evidence tending to show that the plaintiff had sustained a lacerated cornea, when one David Marshall threw a drinking glass to the floor of a common area on the premises known as Alan’s Nightclub, in Amesbury, Massachusetts, causing the glass to shatter, and sending a fragment of glass into the plaintiffs eye.
The plaintiff presented evidence and contended: (1) That the crimes of (a) Assault and Battery; and/or (b) Assault and Battery with a Dangerous Weapon; and/or (c) Disorderly Conduct or Disturbance of the Peace; and/or (d) Malicious Destruction of Personal Property had been perpetrated by David Marshall; (2) That the plaintiffs physical injuries directly resulted from these crimes; and therefore, (3) That the plaintiff was entitled to compensation for his medical expenses incurred and his lost wages. The Commonwealth, on the other hand, presented evidence and contended: (1) That at most a negligent act or an accidental injury had occurred; (2) That such act did not constitute a “crime” for the purpose of G.L. c. 258A; and therefore, (3) That the plaintiff had failed to qualify under the terms of G.L. c. 258A for compensation for claimed medical expenses and for loss of wages.
The plaintiff at the close of the trial, and before final argument, made the following Requests for Rulings (the trial judge’s action thereon is noted after each Request for Rulings):
1. As a matter of law, the Legislature enacted M.G.L. Chapter 258A, the Victims of Violent Crimes Compensation Act, in order to provide compensation to victims of unapprehended and/or insolvent perpetrators of crime for unreimbursed lost earnings and medical expenses.
Allowed, but the Court does not so find, see findings of fact.
2. As a matter of law, the Legislature enacted this policy and allowed the Commonwealth of Massachusetts to become a defendant whenever police protection failed in the prevention of such crime.
Allowed, but the Court does not find, see findings of fact.
3. As a matter of law, where a plaintiff victim proves by a preponderance of the evidence: (1) that he was the victim of a crime; (2) that said victimization resulted in personal physical injuries; (3) that the victim sustained out-of-pocket medicals in excess of $100.00 or lost two continuous weeks of earnings; and (4) that said incident was reported to the Amesbury Police Department within forty-eight (48) hours, then as a matter of law, the victim is entitled to a maximum award of $10,000.00 (less $100.00 deductible) or unreimbursed medical expenses plus actual loss of earnings, subject to the court’s reduction for contributory conduct or reimbursements, if any.
The Court in an action of law is not required to act on findings of fact.
4. Where the plaintiff Jeffrey Scott Rath has proven by a preponderance of the evidence: (1) that he was the victim of a crime; (2) that said victimization resulted in personal physical injuries; (3) that the victim sustained out-of-pocket medicals in excess of $100.00 or lost two continuous weeks of earnings; and (4) that said incident was reported to the Amesbury Police Department within forty-eight hours, then as a matter of law Jeffrey Scott Rath is entitled to full M.G.L. Chapter 258A compensation for his out-of-pocket loss (medicals) and “actual loss” of earnings, to a maximum of $10,000.00 (minus $100.00 deductible) subject to the reimbursements, if any, M.G.L. Chapter 258A, Sections 1 through 6.
The Court in an action of law is not required to act on findings of fact.
A. The First Criterion Fulfilled — A Crime or Several Crimes were Committed:
5. M.G.L. Chapter 258A, Section 5 provides, “No compensation shall be paid *257 unless the Court finds that a crime was committed . . . “M.G.L. Chapter 258A, Section 5.
Allowed, but the Court does not.so find that a crime was committed, see findings of fact.
6. As a matter of law, M.G.L. Chapter 258A, Section 1, defines crime as “ ‘Crime’, an act committed in the Commonwealth which, if committed by a mentally competent, criminally responsible adult, who had no legal exemption or defense, would constitute a crime; provided that such act involves the application of force or violence or the threat of force or violence by the offender upon the victim;. . . “M.G.L. Chapter 258A, Section 1.
Allowed, but the Court does not so find that a crime was committed, see findings of fact.
(a) The Crime of Assault and Battery or Assault and Battery with a Dangerous Weapon?
• 7; As-a matter of law, Assault and Battery and/or Assault and Battery with a Dangerous Weapon, constitute a “crime” within the meaning of M.G.L. Chapter 258A, Section 1, for which a victim sustained personal physical injury may be compensated. M.G.L. Chapter 258A; Commonwealth v. Welch, 16 Mass. App. 271, 450 N.E.2d 1100 (1983); M.G.L. Chapter 265, Sections 13A, 15A.
Allowed, but the Court does not so find, see special findings.
8. As a matter of law, M.G.L. Chapter 265, Section 13A provides “Whoever commits an assault and battery upon another shall be punished by imprisonment for not more than two and one half years in a house of correction or.by a fine of not more than five hundred dollars . . .”
Allowed, but the Court does not so find, see findings of fact.
9. As a matter of law, M.G.L. Chapter 265, Section 15A provides “Whoever commits assault and battery upon another by means of a dangerous weapon shall be punished by imprisonment in the state prison for not more than ten years or by a fine of not more than one thousand dollars or imprisonment, in jail for not more than two and one half years.”
Allowed, but the Court does not so find, see findings of fact.
10. As a matter of law, the following constitutes the crime of assault and battery and a “crime” within the meaning of M.G.L. Chapter 258A, Section 1; “A willful, wanton and reckless act involving a high degree of likelihood that substantial harm will result to another, or a willful, wanton and reckless act which constitutes a disregard of probable unlawful consequences to another, and that, as a result of such conduct, the victim does in fact suffer some physical injury. Commonwealth v. Welch, 16 Mass. App. 271, 450 N.E.2d 1100 (1983); Commonwealth v. Welansky, 316 Mass. 383, 55 N.E. 2d 902 (1944; Commonwealth v. Vanderpool, 367 Mass. 743, 328 N.E.2d 833 (1975).
Allowed, but the Court does not so find, see findings of fact.
11. As a matter of law, if perpetrated with a dangerous weapon, the definition enunciated in the previous paragraph constitutes an assault and battery with a dangerous weapon and a “crime” within the meaning of Chapter 258A, Section 1. Commonwealth v. Welch, supra.
Allowed, but the Court does not so find, see findings of fact.
12. As a matter of law, “The classic definition of assault and battery is the intentional and unjustified use of force upon the person of another, however slight, but the law recognizes an alternative form of assault and battery in which proof of a willful, wanton and reckless act which results in personal injury to another substitutes for intentional conduct.” Commonwealth v. Welch, supra.
Allowed, but the Court does not so find, see findings of fact.
*258 13. Where the Court finds that one Doc Marshall acted in a willful, reckless and wanton manner by throwing a drinking glass to the floor in proximity to the victim Jeffrey Scott Rath, with full forseeability and/or intent that said glass would shatter and spray fragments of glass, involving a high degree of likelihood that substantial harm would result to Mr. Rath or another, or in total disregard of probable unlawful consequences to Mr. Rath or another, and where as a direct result of Marshall’s conduct, victim Rath suffered a physical injury, a lacerated cornea, then as a matter of law, Marshall has perpetrated an assault and battery (or the higher crime of an assault and battery dangerous weapon) and a “crime” within the meaning of M.G.L. Chapter 258A, Section 1.
The Court in an action of law is not required to act on findings of fact.
14. As a matter of law, “Wanton or reckless conduct is the legal equivalent of intentional conduct. If by wanton or reckless conduct bodily injury is caused to another, the person guilty of such conduct is guilty of assault and battery . ..” Commonwealth v. Sostilio, 89 N.E.2d 510 (1949); Commonwealth v. Welansky, supra; Commonwealth v. Morrill, 14 Mass. App. Ct. 1003, 441 N.E.2d 561 (1982).
Allowed, but the Court does not so find, see findings of fact.
15. Where the Court finds that a drinking glass is an inherently dangerous weapon in its broken state, or while shattering into its broken state, and where the Court finds that perpetrator Marshall set the glass in motion intending it to adopt a shattering and/or broken state, and where the Court finds that said shattering glass came in contact with the victim Rath directly causing a lacerated cornea, then as a matter of law, Mr. Marshall has perpetrated an assault and battery or an assault and battery with a dangerous weapon and a “crime” within the meaning of M.G.L. Chapter 258A, Section 1. Commonwealth v. Welch, supra.

The Court in an action of law is not required to act on findings of fact.

(b) The Crime of Disorderly Conduct:

16. Disorderly-conduct constitutes a “crime within the meaning of M.G.L. Chapter 258A, Section 1, for which a victim sustaining personal physical injury may be compensated. M.G.L. Chapter 258A; M.G.L. Chapter 272, Section53; Commonwealth v. Orlando, 359 N.E.2d 310 (1977); Commonwealth v. A Juvenile, 334 N.E.2d 617 (1975); Commonwealth v. Richards, 340 N.E.2d 892 (1976); Commonwealth v. Carson, 411 N.E.2d 1337 (1980).
Allowed, but the Court does not find that the crime of disorderly conduct directly resulted in personal physical injury to the petitioner.
17. As a matter of law, M.G.L. Chapter 272, Section 53 provides that “disorderly persons may be punished by imprisonment in jail or a house of correction for not more than six months, or by a fine of not more than $200.00 or by both such fine and imprisonment.”
Allowed, but the Court does not find that the crime of disorderly conduct directly resulted in personal physical injury to the petitioner.
18. As a matter of law, the following constitutes the crime of disorderly person and/or disturbing the peace and a crime within the meaning of M.G.L. Chapter 258A, Section 1: “ . . . ‘activities which intentionally tend to disturb the public tranquility, or alarm or provoke others.’ Alegata v. Commonwealth, supra. Commonwealth v. A Juvenile, supra, . . .” Commonwealth v. Carson, supra; Commonwealth v. A Juvenile, supra; Alegata v. Commonwealth, 353 Mass. 287, 231 N.E.2d 201 (1967).
Allowed, but the Court does not find that the crime of disorderly conduct directly resulted in personal physical injury to the petitioner.
*259 19. As a matter of law, “ a person is guilty of disorderly conduct who (a) engages in fighting or threatening, or in violent or tumultuous behavior; or . . . (b) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose or actor. . . .” Commonwealth v. Richards, supra.
Allowed, but the Court does not find that the crime of disorderly conduct directly resulted in personal physical injury to the petitioner.
20. As a matter of law, “ ‘A person is guilty of disorderly conduct if, with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (a) engages in fighting or threatening, or in violent or tumultuous behavior, or (b) makes unreasonable noise or offensively coarse utterance, gesture or display, or addresses abusive language to any person present; or (c) creates a hazardous or physically offensive condition by any at which serves no legitimate purpose of the actor . . .’ ” Commonwealth v. A Juvenile, supra.
Allowed, but the Court does not find that the crime of disorderly conduct directly resulted in personal injury to the petitioner.
21‘. As a matter of law, “ . . . disturbing the peace statute proscribes conduct which tends to annoy all good citizens and which in fact annoys anyone present not favoring it and thus imposes a two-pronged standard by proscribing activities which most people would find to be unreasonably disruptive and which do infringe on someone’s right to be undisturbed . . .” Commonwealth v. Orlando, supra.
Allowed, but the Court does not find that the crime of disorderly conduct directly resulted in personal physical injury to the petitioner.
22. Where the Court finds that Mr. Marshall perpetrated any or all of the conducts described in the foregoing four paragraphs, then as a matter of law, Marshall has perpetrated the crime of disorderly person and/or disturbing the peace and a “crime” within the meaning of M.G.L. Chapter 258A, Section 1, which resulted in personal physical injury to J. Scott Rath.
The Court in an action of law is not required to act on findings of fact.
(c) The Crime of Malicious Destruction of Personal Property:
23.- Malicious destruction of personal property constitutes a "crime” within the meaning of M.G.L. Chapter 258A, Section 1, for which a victim sustaining personal physical injury may be compensated. M.G.L. Chapter 258A; M.G.L. Chapter 266, Section 127; Commonwealth v. Hosman, 257 Mass. 379, 154 N.E. 76 (1926); Commonwealth v. Peruzzi, 15 Mass. App. 437, 446 N.E.2d 117 (1983).
Allowed, but the Court does not find that the crime of malicious destruction directly resulted in personal physical injury to the petitioner.
24. As a matter of law, M.G.L. Chapter 266, Section 127, provides “Whoever destroys or injures the personal property of another in any manner or by any means not particularly described or mentioned in this chapter shall, if such destruction or injury is willful and malicious be punished by imprisonment in the state prison for not more than five years or by a fine of not more than one thousand dollars and imprisonment in jail for not more than one year, or, if such destruction or injury is wanton shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than one year; but if the value of the property so destroyed or injured is not alleged to exceed one hundred dollars, the punishment shall be a fine not more than one hundred dollars or imprisonment for not more than one month.”
Allowed, but the Court does not find that the crime of malicious destruction directly resulted in personal physical injury to the petitioner.
*260 25. As a matter of law, any person who destroys the personal property of another with a spirit of cruelty, hostility or revenge has perpetrated the crime of malicious destruction of personal property. Hosman, supra; 32 NOLAN, MASS., PRACTICE § 427 (1976).
26. As a matter of law, perpetration of the crime of malicious destruction of personal property does not depend upon the value of the personal property destroyed. MASS. PRACTICE §427.
Allowed, but the Court does not find that the crime of malicious destruction directly resulted in personal physical injury to the petitioner.
27. Where the Court finds that Doc Marshall willfully broke, smashed and/or destroyed a drinking glass belonging to another, and performed said act with a spirit of hostility, cruelty or vengeance, regardless of the value of said glass, then as a matter of law, said Marshall has perpetrated the crime of malicious destruction of personal property and a “crime” malicious destruction of personal property said a “crime” within the meaning of M.G.L. Chapter 258A, Section 1.
The Court in an action of law is not required to act on findings of fact, and the Court does not find that the crime of malicious destruction directly resulted in personal physical injury to the petitioner.
B. The Second Criterion Fulfilled — The Victim Suffered Direct Physical Injury:
28. As a matter of law, M.G.L. Chapter 258A, Section 5 provides, “No compensation shall be paid unless the court finds . . . that such crime directly resulted in personal physical injury to, or the death of, the victim. . . . “M.G.L. Chapter 258A, Section 5.
Allowed, but the Court does not so find, see findings of fact.
29. Where the Court finds that a crime was committed and that victim Jeffrey Scott Rash suffered a resulting lacerated cornea and/or other personal physical injury, as adduced by sworn “estimony and/or by hospital and doctors’ records subscribed under oath, tnen as a matter of law, the plaintiff had fulfilled the compensation requirement of the previous paragraph.
A Court in an action of law is not required to act on request for findings of fact.
C. The Third Criterion Fulfilled — Out-of-Pocket Less Exceeding One Hundred Dollars and Lost Earnings In Excess of Two Weeks:
30. M.G.L. Chapter 258A, Section 5, provides, “No compensation shall be paid unless the claimant has incurred an out-of-pocket loss of at least one hundred dollars or has lost two continuous weeks of earnings or support.” M.G.L. Chapter 258A, Section 5.
Allowed, but the Court does not so find, see findings of fact.
31. Where plaintiff adduced by sworn testimony and/or certified copies of medical bills, medical expenses totalling $4,213.25, and where plaintiffs Welfare Department reimbursement totals approximately $790.00, then as a matter of law, plaintiff has incurred an out-of-pocket loss for unreimbursed medicals exceeding one hundred dollars.
A Court in an action of law is not required to act on requests for findings of fact.
32. Where the Court finds that plaintiff sustained lost earnings in excess of two weeks, then as a matter of law, plaintiff has fulfilled the criterion of paragraph 30.
Allowed, but see findings of fact.
D. The Fourth Criterion Fulfilled — Reported to Amesbury Police Department Within Forty-Eight Hours:
*261 33. As a matter of law, M.G.L. Chapter 268A, Section 5, provides, “No compensation shall be paid unless the court finds . .. that police records show that such crime was promptly reported to the proper authorities. In no case may compensation be paid if the police records show that such report was made more than forty-eight hours after the occurrence of such crime . . . unless the court finds said report to the police to have been delayed for good cause.” M.G.L. Chapter 258A, Section 5.
Allowed, but see findings of fact.
34. Where the court finds that Lee Johnson, girlfriend of the plaintiff victim, “promptly” reported the incident to the Amesbury Police and/or that Lee Johnson reported the incident to Amesbury Police the very date of its occurrence and/or that the Amesbury Police certified records or testimony reflect that the incident was reported the very date of its commission, then as a matter of law, the forty-eight hour reporting requirement for victim compensation has been complied with.
A Court in an action of law is not required to act on requests for findings of fact.
35. As a matter of law, plaintiff victim is not required to apply for a criminal complaint against his assailant within forty-eight hours, or at any time, in orderto fulfill the forty-eight hour “reporting” requirement; the incident must merely be reported to the proper police department within forty-eight hours, M.G.L. Chapter 258A, Section 5.
Allowed, but see findings of fact.
ADDITIONAL REQUESTS FOR RULINGS OF LAW:
A. Lost Earning Compensation:
36. As a matter of law, M.G.L. Chapter 258A, Section 5 provides, “Any compensation for loss of earnings or support shall be in an amount equal to the actual loss sustained; provided, however, that no award under this chapter shall exceed ten thousand dollars; “M.G.L. Chapter 258A, Section 5.
Allowed, but see findings of fact.
37. As a matter of law, the victim’s “actual loss” of earnings under M.G.L. Chapter 258A shall include the victim’s weekly earnings at or about the time of his physical injury multiplied for the duration of plaintiff victim’s disability from employment, compensable to a maximum $10,000.00 award (inclusive of medical expenses and lost wages minus reimbursements). Gurley v. Commonwealth, supra.
Allowed, but see findings of fact.
38. Where the plain tiff victim has presented sworn testimony that he earned $240.00 per week at or about the date of injury, June 10,1982, andthathewas disabled from employment for fifteen weeks through September 25,1982, and that he would have made $240.00 per week for said period of disability or $3,600.00, then as a matter of law, plaintiff has sustained an“actual loss” of $3,600.00, and is entitled to said lost earnings.
A court in an action of law is not required to act on requests for findings of fact.
39. As a matter of law, the victim’s “actual loss” of earnings under M.G.L. Chapter 258A shall include recurring or permanent loss of earnings resulting from his personal physical injury, compensable to a maximum of $10,000.00 award (inclusive of medical expenses and lost earning capacity, minus reimbursements).
Allowed, but see findings of fact.
40. If the Court finds on plaintiffs sworn testimony that leakage from the eye, dizziness and/or blurriness is apt to recur and further disable plaintiff *262 from employment to the extent of one week per year for the next five years, or more, and that plaintiffs present rate of earnings is $300.00 per week, then as a matter of law, plaintiff is entitled to this loss from his recurring and/or permanent injury as an “actual loss” compensable under M.G.L. Chapter 258A.
A Court in an action of law is not required to act on requests for findings of fact.
B. Applying for a Criminal Complaint:
41. As a matter of law, M.G.L. Chapter 258A states, “Failure to prosecute, or to prosecute successfully an offender in a criminal case, shall not in anyway prejudice the claim of an eligible claimant unless such failure is due to the provocation of the offender by the victim.” M.G.L. Chapter 258A, Section 2.
Allowed, but see findings of fact.
42. If the Court finds that victim Jeffrey Scott Rath did not prosecute his assailant for any reason other than the victim’s own provocation (i.e. the victim’s belief that the assailant Doc Marshall was insolvent; the victim’s belief that the assailant was a transient, unreachable by court process; the victim’s fear of further physical harm or harassment by prosecuting his assailant; the victim’s lack of knowledge as to how to prosecute the assailant criminally; the victim’s discouragement of prosecution by police; the victim’s apprehension of loss of livelihood occasioned by participation in a protracted case in the District Court of Amesbury, miles from the victim’s residence; or any other reason), then as a matter of law, the victim’s omission or decision not to prosecute assailant Doc Marshall does not per se render the plaintiff victim ineligible for compensation under M.G.L. Chapter 258A.
A Court in an action of law is not required to act on requests for findings of fact.
0, Contribution:
43. As a matter of law, M.G.L. Chapter 258A, Section 6, provides, “In determining the amount of compensation payable, the court shall determine whether because of his conduct the victim contributed to the infliction of his injury; and the court shall reduce the amount of compensation or deny the claim altogether, in accordance with such determination; provided, however, (hat 1 he court may disregard the responsibility of the victim for his own injury where such responsibility was attributable to efforts by the victim to aid a victim, or t.o prevent a crime or an attempted crime from occurring in his presence or to apprehend a person who had committed a crime in his presence or had in fact committed a felony.” M.G.L. Chapter 258A, Section 6.
Allowed, but see findings of fact.
44. As a matter of law, there is no initial burden of proof placed upon the plaint iff victim to affirmatively establish “non-contribution” as a condition to it is recovery under M.G.L. Chapter 258A. The plaintiff may present sworn testimony of victimization and injury, occurring through fault of his own; it is then (he defendant Commonwealth’s burden to present prima facie evidence of the victim’s contribution, if any. The determination of contribution if any, and its degree, is then for the court at the conclusion of all evidence.
Allowed, but see findings of fact.
45. Where the Court finds that plaintiff did not in any way contribute to his lacerated cornea, nor provoke his assailant in any way, nor encourage his assailant's actions, but in fact found his assailant’s hostile and vengeful conduct abhorrent, and had demanded that Marshall cease his loud profanities just prior to the incident, then as a matter of law, plaintiff did not contribute to his injury and victim compensation shall not be reduced on grounds of contributory conduct.
*263 A Court in an action of law is not required to act on requests for findings of fact.
D. Evidence:
46. As a matter of law, M.G.L. Chapter 358A, Section 4 provides, “The person filing a claim shall, prior to any hearing thereon, submit reports, if available, from all hospitals, physicians or surgeons who treated or examined the victim for the injury for which compensation is sought.”
Allowed, but see findings of fact.
47. Mr. Rath’s hospital and doctor’s records are admissible.
No requests for a report were presented as to admissibility of hospital and doctor’s records.
48. As a matter of law, copies of police records, accompanied by affidavits signed by a notary, constitute admissible business entries. M.G.L. Chapter 233, Section 78; Commonwealth vs. Sellon, 402 N.E.2d 1329 (1980); Liacos, Handbook of Mass. Evidence (1981), p. 331.
No requests for a report were presented to the Court.
49. A copy of the Amesbury Police log of June 10,1982, certified by Michael A. Cronin, Chief pf Police, before a notary, to be a true copy of the daily log of June 10, 1982, is admissible.
No requests were presented to the Court. ,
50. As a matter of law, a judge has wide discretionary powers to admit evidence or proof of a violent crime victim’s claim for compensation, which proof is not held to strict rules of evidence.
Allowed, but no requests for a report were presented to the Court.
51. Medical bills stipulated between the parties are admissible in evidence.
Allowed.
The Court found the following facts:
The Court finds that the petitioner Jeffrey S. Rath of Hull, Massachusetts on June 10,1982 was a guitarist in a Country Western and a Rock and Roll Band. That the Band consisted of Diane Lincoln, a vocalist, Tom Kraft, a bass and vocalist, David Marshall, a drummer, and the petitioner Jeffrey S. Rath, a guitarist.
That the Band was playing at a Club - Trader Alan’s Club in Amesbury, Massachusetts. That the Band had been notified by management that their services were being terminated in that the Band didn’t play enough Country music, played too much Rock and played too loud.
The Court finds that at or about 5:30 p.m. on June 10, 1982, they were in the process of loading their equipment and were about to leave the room above the Club where they had been staying. That the petitioner Jeffrey S. Rath and David Marshall had been in the Lounge having several drinks with Tom Kraft and Diane Lincoln. Later, the petitioner was walking in an upstairs hallway with David Marshall. That David Marshall had a glass of liquor in his hand. That Marshall was angry and frustrated about the Band being terminated. That he threw his glass on to the carpet; that a piece of the glass hit the petitioner Jeffrey S. Rath in the eye. That the petitioner Jeffrey S. Rath was taken to the emergency room of the local hospital in Amesbury.. That the Amesbury hospital was unable to treat the eye. That the petitioner was taken to the Anna Jaques Hospital in Newburyport where a surgeon diagnosed the eye injury as a “lacerated cornea.” That the petitioner was treated, incurred medical bills of Four Thousand Two Hundred Thirteen Dollars and Twenty-five Cents *264 ($4,213.26) as a result of the lacerated cornea.
The petitioner Jeffrey S. Rath was out of work from June 10,1982 through September 26, 1982. That during this period of time, the petitioner wore an eye patch off and on and that he lost income of Two'-Hundred Forty ($240.00) Dollars per week for a total of Three Thoúsand Six Hundred ($3,600.00) Dollars. That the Commonwealth of Massachusetts furnished Eighty ($80.00) Dollars per month in food stamps beginning in October of 1982 and he received an additional One Hundred Ten ($110.00) Dollars for five (5) months in General Relief, for a total of Seven Hundred Ninety ($790.00) Dollars.
The Court finds that the petitioner Jeffrey S. Rath did not provoke David Marshall. That David Marshall did not try to hit ,the petitioner, that he did not aim at the petitioner and that he was not angry at the petitioner, and had no intention of hitting the petitioner when he threw the glass on the floor, and that he didn’t believe that anyone would get hurt.
The Court further finds that the Amesbury police were notified by one Lee Johnson, a girl friend of the petitioner Jeffrey S. Rath by means of a telephone call to the Amesbury Police Department; that no criminal complaint was filed by the petitioner.
The Court finds that David Marshall was at most negligent or grossly negligent in throwing the glass on the carpet of the hotel. That he did not commit a willful, wanton and reckless act which resulted in personal injury to the petitioner. The Court does not find that the crime of Assault and Battery, or Assault and Battery with a dangerous weapon resulted in personal physical injury to the petitioner. The Court does not find that the crime of Assault and Battery and Assault and Battery dangerous weapon were committed by David Marshall within the meaning of M.G.L. Chapter 258A, Section 1 and Section 5.
The Court further finds that the crime of Disorderly Conduct did not directly result in personal physical injury to the petitioner within the meaning of M.G.L. Chapter 258A, Section 1 and Section 5, and the Court finds that the crime of Malicious Destruction did not directly result in personal physical injury to the petitioner within the meaning of M.G.L. Chapter 268A, Section 1 and Section 5.
It is not clear from the appellate record what error is alleged to have been committed by the trial judge. The appellant’s brief makes reference to numerous questions and answers set forth in what purports to be a transcript of the hearing by the trial judge and which is attached to the appellant’s brief. We would point out that the basis of review of any case by the Appellate Division is the report by the trial judge and not by way of a transcript of the testimony [State of Rhode Island v. Montijo, 1980 Mass. App. Div. 146, 148-149; Cornell Andrews Co. v. Boston and Providence Railroad Co., 215 Mass. 381, 387 (1913) ]. So much of the testimony as relates to the rulings of law complained of should be set forth concisely and in narrative form in the report together with the appellant’s statement as to how he/she claims to be prejudiced thereby [Dist./Mun. Cts. R.Civ.P., Rule 64 (c) (2) ]. Furthermore, findings of fact per se are not ordinarily the subject of appellate review by the Appellate Division.
We iv<-uld hasten to add, that the District Courts have exclusive jurisdiction of claims arising under G.L. c. 258A (see section 2) and there is nothing in either the statute or case law that suggests that the manner of appellate *265 review is any different or governed by any rules other than those provided for the review of other civil cases. Therefore, appellate review by the Appellate Division is limited to error of law preserved by appropriate Requests for Rulings, with the evidence relating thereto being set forth in the report of the case by the trialjudge. In this case, the Report presents a single issue; “Was the plaintiff the victim of a ‘crime’ directly resulting in his personal physical injury?” This is clearly a factual issue unless it can be said that as a matter of law the evidence is insufficient to support the finding. [N.B. Lumber Corp. v. Leo Boisvert, 51 Mass. App. Dec. 186 (1973) ]. We conclude that the trial judge’s findings are amply supported by the evidence.
Our decisions have clearly established that the provisions of G.L. c. 258A are to be strictly construed in terms of victim entitlement [Coon v. Commonwealth, 1978 Mass. App. Dec. 63; Landrum v. Commonwealth, 1981 Mass. App. Dec. 6], and that as a threshold requirement to recovery there must be proof by the clear preponderence of the evidence that a “crime” has, in fact been committed. [ Jones v. Commonwealth of Massachusetts, 1978 Mass. App. Div. 409, 411 ]. A “crime” is defined in G.L. c. 258A, Section 1, as: “An act..'. which if committed by a mentally competent criminally responsible adult... would constitute a crime, provided that such act involves the application of force or violence by the offender upon the victim . ..” Needless to say, the legislature in enacting the victims of violent crime statute was not seeking to underwrite any and all injuries thereafter sustained by its citizenry. It sought rather to limit compensation for a special class of individuals who were victims of violent crimes. In this connection, we note that the trialjudge found as a fact that a “crime” was not committed within the meaning of G.L. c. 258A, and that therefore, the plaintiff could not recover under the statute. Whether David Marshall possessed the necessary criminal intent and whether his acts constituted a“crime” under G.L. c. 258A, were solely a factual determination to be made by the trialjudge. As a general rule, credibility of the witnesses and the weight to be accorded to the evidence are matters within the purview of the trial judge [Nadeau v. Clough, 47 Mass. App. Dec. 33, 38 (1971) ]. The only question on review before the Appellate Division is whether upon all of the evidence with all of the fair inferences which might be drawn therefrom, the finding of the trialjudge be sustained. [Matsushita Electric Corp. of America v. Sons Corp., 362 Mass. 246, 250 (1972); T.L. Edwards, Inc. v. Fields, 57 Mass. App. Dec. 22, 25 (1975) ]. The appellant’s Requests for Rulings were all allowed as correct statements of law by the trialjudge with notations that he did not so find. The trialjudge declined to rule on Requests for Rulings 4,13,15,22,27, 29, 34,38,42, and 45 as calling for rulings on findings of fact and declined to rule in relation to evidentiary matters not properly preserved for appellate review. Parenthetically, we would note that although the trialjudge carefully reviewed each and every Request for Ruling submitted by the appellant and properly ruled thereon, as a matter of law fifty-one requests for rulings are excessive [Stella v. Curtis, 348 Mass. 458 (1965), Commercial Credit Corp. v. Stan Cross Buick, Inc., 343 Mass. 622, 626 (Thirty-four (34) Request for Rulings were excessive) ], and the trialjudge would have been warranted in either declining to rule on any oft he appellant’s Requests for Rulings or returning them to him for resubmission in a reasonable number.
We conclude that the trial judge carefully weighed all of the evidence submitted during the course of the trial and found as a fact that David Marshall’s conduct “at most” constituted negligence or gross negligence and that his conduct in throwing the glass on the carpet of the hotel did not measure up to a “willful, wanton and reckless act which resulted in personal *266 injury to the petitioner.” The evidence set forth in the Report clearly supports that finding. The court further found that David Marshall had not committed either an assault and battery or an assault and battery by means of a dangerous weapon within the meaning of G.L. c. 268A. This finding is also supported by the record. Finally, the trial judge concluded that even if David Marshall had been guilty of a crime of disorderly conduct, there was no nexus between that conduct and the injuries sustained by the plaintiff. We might also point out that G.L. c. 258A provides benefits for victims of “violent crimes” and that not all criminal acts necessarily involve violence towards a particular person. Therefore, under the facts presented in the report, the trial judge’s finding that even if David Marshall had been a disorderly person there was no causal relationship between that conduct and the injuries sustained by the plaintiff as supported by the evidence. We would reiterate that G.L. c. 258A is designed to compensate victims of “violent crimes” and there has to be a causal relationship between the crime and the personal injury to the victim. Accordingly; this trial judge would have been fully warranted in finding, as he apparently did, being a disorderly person was not the type of “crime” covered by G.L. c. 258A and that in any event, there was no causal relationship between the alleged crime and the personal injuries sustained by the plaintiff.
In conclusion, the appellate record clearly shows that the trial judge carefully and thoughtfully weighed all of the evidence before making his findings of fact, all of which are amply supported by evidence. There are no errors of law apparent from the appellant record. Therefore, the report is dismissed.