Coven, J.
This is the petitioner’s appeal of the trial court’s dismissal, after hearing, of her G.L.c. 258A claim that her wrongful eviction by her landlord entitled her to statutory compensation as a victim of a violent crime.
The petitioner alleges that she was wrongfully evicted by her landlord from the cottage she leased in Rockport, Massachusetts and that in consequence of such eviction, she suffered extreme emotional distress which necessitated psychiatric treatment. She filed a G.L.c. 258A petition seeking statutory compensation both for medical expenses incurred for the treatment of severe psychological trauma and resulting physical problems, and for loss or damage to her personal property.
With respect to the eviction, the petitioner alleges that on February 5,1991, her landlord arrived at her leased cottage and informed her that he had obtained an eviction order which required her to vacate the premises by February 8,1991. On February 9, 1991, the landlord allegedly forced the locks on the cottage to gain access for a new tenant. The petitioner prevented actual entry into the cottage. Again, on February 10, 1991, the landlord allegedly forced the outer lock of the premises.
It is not disputed that at some point in February, 1991, the landlord obtained from the Gloucester Division of the District Court Department a judgment for the petitioner’s eviction. A constable was retained by the landlord to enforce the execution, and on March, 19, 1991, the petitioner was evicted and her possessions were removed for storage. The petitioner later sought a criminal complaint in the Gloucester Division against the landlord, the constable and the movers, but her application for such complaint was denied by the Clerk-Magistrate.
The petitioner has never alleged that she was, at any time, physically assaulted or threatened with bodily harm by the landlord or anyone else during the course of the eviction.
The trial judge found that there was no evidence of the commission of a violent crime cognizable under G.L.c. 258A, and no evidence of police records of a report of any alleged crime.
Pursuant to Section 3, eligibility for G.L.c. 258A compensation is expressly limited to victims of violent crimes and their qualifying dependents. See generally, Smith v. Commonwealth, 1984 Mass. App. Div. 10, 11. The burden of proving her eligibility for G.L.c. 258A compensation was on the petitioner. Shoulders v. Commonwealth, 1984 Mass. App. Div. 66, 69. Section 1 of the statute defines a victim as a person who suffers “personal injury or death as a direct result of a crime as herein defined.” The term “crime” is defined in Section 1 as:
Any act committed by an adult or a juvenile in the Commonwealth which, if committed by a mentally competent, criminally responsible *75 adult ... would constitute a crime; provided, however, that such act involves the application of force or violence or the threat of violence by the offender upon the victim [emphasis supplied].
It was thus incumbent upon the petitioner herein to establish that she was the victim not simply of a violation of law or even of a crime, but of a “violent” crime entailing physical force or bodily harm, or the threat thereof. See Marshall v. Commonwealth, 413 Mass. 593, 596 (1992); Rath v. Commonwealth, 1984 Mass. App. Div. 255, 265.
Where there is conflicting evidence or at least some proof of the commission of a crime of violence, the issue of whether there has been a crime cognizable under G.Lc. 258A, §1 is one of fact for the trial court Id. at 265; Georgopoulos v. Commonwealth, 1983 Mass. App. Div. 129, 131. Such finding would be reviewed on a G.L.c. 258A appeal under the customary “clearly erroneous” standard. Dist./Mun. Cts. R. Civ. E, Rule 52(a). See generally, Kendall v. Selvaggio, 413 Mass. 619, 620 (1992); Powers v. Freetown-Lakeville Reg. School Dist. Comm., 392 Mass. 656, 659 (1984). In the instant case, however, the petitioner has failed even to allege, much less prove, that the wrongful eviction in question involved the use of any physical force or violence against her, or any threat of the same. The trial courts determination of the lack of any evidence on this critical element of the petitioner’s case thus constituted not a finding of fact, but a proper ruling of law as to the insufficiency of the evidence to permit an ultimate finding for the petitioner on her claim for statutory compensation.
There was no error in the trial court’s ruling that a person who suffers an eviction which does not entail physical violence or force is not a victim of a violent crime as that term has been defined by the Legislature in G.L.c. 258A, §1.
There being no error, the report is dismissed.